Sandra **TOWNSEND**, individually, as surviving spouse and as personal representative of the estate of John W. Townsend, deceased, [Plaintiff],

v.

H. Louden **KIRACOFF**, M.D., and Mercy Medical Center, [Defendants].

No. 81–K–1618.

United States District Court, D. Colorado.

Aug. 16, 1982.

James A. Branch, Jr., Denver, Colo., Paul L. Butt, Shaffer, Butt, Thornton & Baehr, P. C., Albuquerque, N. M., for plaintiff.

Richard D. Hall, Hall & Evans, Denver, Colo., for defendant H. Louden Kiracoff, M.D.

Joseph C. Jaudon, Jr., Long & Jaudon, P. C., Denver, Colo., for defendant Mercy Medical Center.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a diversity action by the plaintiff, Sandra Townsend, for the wrongful death of her husband allegedly resulting from medical malpractice. The deceased was admitted to Mercy Medical Center on September 14, 1979 and underwent the surgical removal of his left kidney by the defendant Kiracoff on September 20, 1979. Two days later Townsend died as a result of ligation or tying off of the celiac and superior mesenteric arteries during the kidney surgery. The plaintiff alleges that decedent died as a result of Kiracoff's and the hospital's negligence. The plaintiff further asserts that the defendants breached a warranty to provide high quality medical services and that

they are also liable for battery due to their failure to obtain an informed consent from the decedent. This matter is now before me on the defendant hospital's motion for summary judgment pursuant to Rule 56(b), F.R.Civ.P. For the following reasons, the motion is granted in part and denied in part.

Summary judgment is appropriate only when there exists no genuine issue of material fact. *Adickes v. S. H. Kress Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970); *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1383 (10th Cir. 1980). As a matter of law, the movant must show entitlement to summary disposition beyond a reasonable doubt. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir. 1980).

In ruling on a summary judgment motion, I must construe all pleadings, affidavits, and admissions in favor of the party against whom the motion is made. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980). No margin exists for disposition of factual issues, nor does summary judgment serve as a substitute for trial when there are disputed facts. *Commercial Iron & Metal Co. v. Bache & Co.*, 478 F.2d 39, 41 (10th Cir. 1973). Moreover, summary judgment is rarely appropriate in a negligence action; even when the facts are undisputed, the issue must be submitted to the jury if reasonable men and women could reach different conclusions and inferences from those facts. *Croley v. Matson Navigating Co.*, 434 F.2d 73, 75 (5th Cir. 1970), *reh'g denied* 439 F.2d 788 (1971).[1]

## I. NEGLIGENCE

"Negligence is a deviation by the defendant from the reasonable standard of care owed to plaintiff, which naturally and foreseeably results in injury to the plaintiff; it is the failure to act as a reasonably prudent person would under the same or similar circumstances." *McCormick v. United States*, 539 F.Supp. 1179, 1182 (D.Colo.

1982); *Hellerstein v. General Rose Memorial Hospital*, 478 P.2d 713, 715 (Colo.App. 1970). "A cause of action for negligence requires proof of:

1. A duty or obligation recognized by the law requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks.

2. A failure on his part to conform to the standard required . . . .

3. A reasonabl[y] close causal connection between the conduct and the resulting injury . . . [and]

4. Actual loss or damage resulting to the interests of another."

*Sager v. City of Woodland Park*, 543 F.Supp. 282, 298 (D.Colo.1982).

In the instant case, the defendant hospital asserts that a doctor's negligence is not imputable to a hospital as a matter of law and that even if the plaintiff is proceeding on a theory that the hospital itself acted negligently, it cannot show that the hospital failed to conform to the standard of care of hospitals in the community. The defendant cites the affidavit of a Colorado nephrologist, Dr. Robert Contiguglia, who stated that "[h]ospitals in the state of Colorado . . . were not required to have dialysis equipment nor personnel trained to operate dialysis equipment in their hospitals. Rather it is only essential that in the event the need for dialysis develops, that the patient be timely transported to another hospital with such capabilities."

While a doctor's negligence is not generally imputable to the hospital, where the hospital itself acted negligently, either by negligently employing and retaining incompetent physicians or by failing to perform some other necessary cautionary measure, an action for negligence may be maintained against it. As stated by the Colorado Supreme Court:

"[a] hospital, a corporation as here, can not be licensed to, and can not practice

1. The defendant's reliance on Colorado state case law as authority for the appropriate standards for ruling on a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, is misplaced. *See Williams v. Burns*, 540 F.Supp. 1243, 1249 n.5 (D.Colo. 1982).

medicine and surgery. The relation between doctor and patient is personal. That a hospital employs doctors on its staff does not make it liable for the discharge of their professional duty since it is powerless, under the law, to command or forbid any act by them in the practice of their profession. Unless it employs those whose want of skill is known, or should be known, to it, or by some special conduct or neglect makes itself responsible for their malpractice . . . it cannot be held liable therefor."

*Moon v. Mercy Hospital*, 150 Colo. 430, 373 P.2d 944, 945 (1962); *Rosane v. Senger*, 112 Colo. 363, 149 P.2d 372, 374 (1944).

■ In the instant case, the plaintiff asserts that the hospital itself acted negligently by retaining the defendant doctor and permitting him to perform the surgery, by failing to comply with some of its own regulations and, apparently, by failing to provide all necessary equipment and support devices.[2] Accordingly, the relevant inquiry is whether the hospital's acts deviated from the appropriate standard of care.

■ There are several reasons why the defendant hospital's assertion, supported by Dr. Contiguglia's affidavit, that the failure to provide dialysis equipment is not a breach of the standard of care, does not justify the granting of summary judgment. First, as mentioned previously, the plaintiff asserts not only that the hospital failed to provide adequate equipment but that it acted negligently in retaining Dr. Kiracoff and in failing to follow its own regulations. Second, there is a question of fact whether Dr. Contiguglia, a nephrologist, is qualified, pursuant to Rule 702, F.R.E., to render opinions on hospital standards of care. As stated by Chief Judge Weinstein in his treatise on the federal rules of evidence:

The trial judge cannot, however, make a determination as to admissibility without investigating the competence the particular proffered expert would bring to bear on the issues. Only then will the judge be able to decide whether the test of Rule 702—assistance to the trier of fact—has been satisfied.

*Weinstein's Evidence*, ¶ 702[04], P. 702–23 (1981).

■ Third, even if there were no question as to Dr. Contiguglia's qualification to render such an opinion, it is not such conclusive evidence that would preclude a triable issue of fact but rather evidence whose weight and sufficiency should be tested by direct and cross-examination at trial and evaluated by the trier of fact. *Cf. Sartor v. Arkansas Gas Corp.*, 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944) ( . . . [expert] opinions thus offered, even if entitled to some weight have no conclusive force . . . ). Finally, even if the defendant's affidavits and evidentiary materials could establish that the hospital acted in accordance with the standard of care and custom of the community of Colorado hospitals, the plaintiff would still be entitled to prove at trial that the entire community's custom is negligent. *See The T. J. Hooper*, 60 F.2d 737 (2d Cir.) *cert. denied*, 287 U.S. 662, 53 S.Ct. 220, 77 L.Ed. 571 (1932). Accordingly, the defendant's motion for summary judgment on the negligence claim is denied.

## II. WARRANTY

The plaintiff also includes claims against the defendant hospital on the theories of

---

**2.** The defendant notes in its reply brief that the plaintiff elaborates additional theories of negligence against the hospital in her brief than in her amended complaint. In her brief, the plaintiff asserts that the hospital failed to follow its own rules and procedures. In the amended complaint, she merely alleged that the hospital failed to exercise the standard of care required by other hospitals in the performance of the nephrectomy on the deceased. I find that the allegations in the amended complaint are sufficient to put the defendant on notice of the claims against it, including those further articu-

lated in the plaintiff's brief. As stated by Professor Wright in his treatise on federal practice and procedure:

A detailed statement of the circumstances constituting negligence is not necessary or desirable and a general allegation of negligence will be sufficient. . . . If the defendant needs details as to the specific manner in which he is claimed to be negligent, he can obtain them under the provisions for discovery.

Wright & Miller, *Federal Practice & Procedure: Civil*, § 1249 P. 230–35 (2d Ed. 1973).

express and implied warranty. I have previously addressed the question whether claims based on those theories may be asserted in the context of an alleged breach of warranties to provide medical services. I stated:

> In moving this court to dismiss plaintiff's third claim for relief, defendant asserts that there is no basis in law for an action against a professional for breach of implied warranty in the performance of professional duties when there is no sale of goods. Defendant is correct. Colorado observes the distinction between sales and services. A sale is an essential element to impose liability under warranties.
>
> "A dentist or physician offers and is paid for his professional services and skill. That is the *essence* of the relationship between him and his patient." Thus those who provide medical care provide services. Ordinarily, they cannot be held liable for breach of implied warranties.
>
> Plaintiff's third claim for relief also claims that defendant's actions constituted breach of his express guarantee and warranty to perform the proper care and treatment of plaintiff. There can be a special contract between a physician and patient guaranteeing successful results from surgery if such guarantee or express warranty is supported by consideration. Here plaintiff's complaint fails to set forth facts alleging the existence of a guarantee or the existence of consideration to support it. Accordingly, plaintiff's third claim for relief is dismissed.

*Dorney v. Harris*, 482 F.Supp. 323, 324–25 (D.Colo.1980) [citations omitted]; *see also St. Luke's Hospital v. Schmaltz*, 188 Colo. 353, 534 P.2d 781, 783–84 (1975).

■ The plaintiff cannot maintain an action for breach of implied warranty. In the instant case, the plaintiff also claims that the defendant breached express warranties. The plaintiff notes that the hospital's patient handbook states that it has "a highly qualified medical staff . . ." and that an unidentified nurse employed by the hospital assured the plaintiff that the defendant Dr. Kiracoff, was "supposed to be a good doctor." I find that these statements do not constitute express guarantees of successful results, do not include special consideration and are not special contracts between the hospital and the patient that would support a claim based on breach of express warranty. Accordingly, the hospital's motion for summary judgment on the plaintiff's warranty claim is granted.

## III. BATTERY

■ "Battery is the unprivileged or unlawful touching of another." *Hackbart v. Cincinnati Bengals, Inc.*, 601 F.2d 516, 525 (10th Cir. 1979) *cert. denied*, 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 188 (1980). It is well settled that medical treatment not authorized by the patient may amount to a battery and that a patient's consent to treatment if not informed, does not provide such authorization. *Canterbury v. Spence*, 464 F.2d 772, 783 (D.C.Cir.1972). At a minimum, the physician must elucidate the options and perils for the patient's edification. *Id.; see also Mallet v. Pirkey*, 171 Colo. 271, 466 P.2d 466 (1970).

■ However, while medical treatment performed without the physician having received an informed consent from the patient may amount to a battery by the physician, I am unaware of any authority, nor has the plaintiff provided any, indicating that such battery may be imputed to the hospital in the absence of the hospital's authorization for such an act. Indeed, the only authority I am aware of suggests the contrary. *See Fiorentino v. Wenger*, 19 N.Y.2d 407, 280 N.Y.S.2d 373, 381, 227 N.E.2d 296, 301 (1967). As stated by the New York court of appeals:

> Nor would it be fair to impose such an unprecedented liability on a hospital in the absence of facts bringing home to the hospital that the patient was unaware of the dangers and novelty of a medical procedure, or that for medical reasons the procedure was not indicated, or that in previous instances the surgeon had failed to obtain an informed consent.

*Id.* Accordingly, the defendant's motion for summary judgment on the battery claim is granted.[3]

It is hereby ORDERED

that the motion for summary judgment is granted in part and denied in part as indicated.

---

3. Of course such reasoning would not preclude an action for negligence against the hospital for failing to take adequate precautions against foreseeable intentional torts by its physicians.