**Michael T. BANKS, individually, and Justin Banks, by his father and next friend, Michael T. Banks,**

v.

**ST. MARY'S HOSPITAL AND MEDICAL CENTER, Paul Worthman, M.D., E. Ellinwood, M.D., Stephen Ludwig, M.D., John Does 1 through 30, inclusive.**

**Civ. A. No. 82–K–55.**

United States District Court, D. Colorado.

March 17, 1983.

James L. Gilbert, Arvada, Colo., for plaintiffs.

Joseph C. Jaudon, Long & Jaudon, P.C., Denver, Colo., for St. Mary's.

Gary R. Cowan, Traylor, Palo, Cowan & McKinley, Grand Junction, Colo., for Ellinwood.

Robert W. Hansen, and Michael S. Porter, Hansen & Breit, P.C., Denver, Colo., for Worthman & Ludwig.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiffs, residents of California,[1] filed their three count original complaint for negligent failure adequately to diagnose Tara Lou Banks, negligent failure adequately to inform and disclose to Tara Lou Banks and Michael T. Banks the various diagnoses, alternative plans of treatment and the risks involved in the chosen plan of treatment and negligent failure adequately

---

1. For purposes of diversity jurisdiction, "residency" is not the same as "citizenship." *Whitelock v. Leatherman,* 460 F.2d 507 (10th Cir. 1972).

to respond and treat Tara Lou Banks' medical condition all of which caused the death of Tara Lou Banks on July 27, 1980. Plaintiff Michael T. Banks is the husband and plaintiff Justin Banks is the son of the deceased. Plaintiffs' first amended complaint was filed August 16, 1982 adding fourth and fifth claims: negligent failure properly to supervise and control the information, diagnosis and treatment given to decedent, and negligent and careless design, conduct and administration of the hospital training program under which the defendant doctors worked. Defendant St. Mary's Hospital is a licensed health care facility in Grand Junction, Colorado. Defendants Worthman, Ludwig and Ellinwood are doctors all licensed to practice medicine in the State of Colorado at the time of the incident,[2] who, plaintiffs allege, were either directly or vicariously liable for the death of Mrs. Banks. This court's subject matter jurisdiction is based on diversity of citizenship, Title 28 U.S.C. § 1332(a).

On March 5, 1982, defendant L. Edward Ellinwood, M.D. filed a motion to dismiss which was converted to a motion for summary judgment under Rule 56 by this court's minute order of March 9, 1982. Although the minute order stated "Plaintiff and any other interested party, shall submit a brief and all necessary supporting materials, within 20 days of the date hereof, responding to the motion for summary judgment" no briefs by any party concerning this motion have been filed. Defendants Worthman and Ludwig filed a motion for summary judgment on May 3, 1982. This motion was extensively briefed by plaintiffs and these defendants, however, on November 15, 1982, defendants Worthman and Ludwig moved to withdraw their motion conceding their argument under the Colorado Governmental Immunity Act, C.R.S.1973 §§ 24–10–101 et seq. The motion to withdraw is granted. Defendant St. Mary's

Hospital and Medical Center has also moved for summary judgment and this motion, after plaintiffs and movant have each filed multiple briefs, is ripe for determination. Defendant hospital's motion seeks summary judgment on two grounds: (1) a hospital is not vicariously liable for the acts of a licensed physician occurring on hospital facilities under a theory of respondeat superior; and (2) the new claims (fourth and fifth) added by the amended complaint must be dismissed because they were filed outside the statute of limitations period and can not relate back under Rule 15(c), F.R.Civ.P. I will discuss each ground separately, addressing defendant's second argument first.

## THE STATUTE OF LIMITATIONS QUESTION

Defendant St. Mary's contends that the fourth and fifth claim for relief filed by plaintiffs in their first amended complaint must be dismissed because these added claims constitute new causes of action which are based on separate operational facts distinct from those of the original complaint and are thus barred by the running of the statute of limitations. Plaintiffs argue that the fourth and fifth claims arise out of the same occurrence—the death of Mrs. Banks—and the same conduct—the negligent care provided to Mrs. Banks—as was alleged in the original complaint, that the amended complaint does no more than clarify the relation between defendants' misconduct and Mrs. Banks' death, that defendants were on notice of these claims and that under the provisions of Rule 15(c), F.R.Civ.P., the claims of the amendment relate back to the date of the original pleading and are not beyond the pale of the statute of limitations.

The parties agree that the two-year statute of limitations of C.R.S.1973 § 13–80–105(1)[3] applies to this action.

---

2. Initially, the matter of Dr. Worthman's licensure was contested by plaintiff. Now both parties agree that he was in fact licensed by the State of Colorado at the time of the treatment of Tara Lou Banks.

3. Plaintiffs argue that even if these claims do not relate back as to the father, Michael T. Banks, they do relate back as to the minor child, Justin, under C.R.S. § 13–80–105 and an exception to the statute of limitations under (1). Defendant disagrees arguing that the pro-

Plaintiffs' original complaint which added the two claims was filed August 16, 1982. Mrs. Banks died July 27, 1980. The statute of limitations commences to run when plaintiffs did discover or should have discovered the negligence of the physician.[4] *Short v. Downs,* 36 Colo.App. 109, 537 P.2d 754 (1975).

Outside of the general paragraph of identification, plaintiffs' original complaint makes specific claims only against defendants Worthman and Ludwig. Most allegations are generally directed to "defendants." Plaintiffs' amended complaint defines the causes of action against defendants St. Mary's and Ellinwood. The fourth claim adopts by reference all allegations contained elsewhere and asserts that defendants Worthman and Ludwig were, at all times relevant to this complaint, under the supervision and control of defendants Ellinwood and St. Mary's pursuant to a House Officer's Training Program established at St. Mary's through the University of Colorado School of Medicine. The claim asserts charges of negligent failure to supervise and control which proximately and directly resulted in the death of Tara Lou Banks. The fifth claim also relates to the training program, adopts all other allegations, and contends Ellinwood and St. Mary's negligently and carelessly conducted and administered the program causing the death of Mrs. Banks. Neither the training program nor St. Mary's association with the medical school is mentioned in the original complaint.

Rule 15(c), F.R.Civ.P. says in part:

*Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

As the advisory committee notes say, relation back is "intimately connected with the policy of the statute of limitations."

In determining whether a particular amendment arises out of the conduct, transaction or occurrence, set forth or attempted to be set forth in the original pleading, I must consider two factors: notice and prejudice. Notice is the more critical factor. I must answer the questions of whether the original pleading gave defendant fair notice of the general fact situation involved in the amended complaint, *Tiller v. Atlantic Coast Line RR. Co.,* 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465 (1945), and whether defendant should have known from the original complaint the facts plaintiff is now trying to add. An amendment may set forth a different basis of claim and still relate back if the action remains the same and has been brought to defendant's attention by the original pleading. See generally, Wright and Miller, Civil *Federal Practice and Procedure: Civil,* § 1496 *et seq.* and *Fed.Proc., L.Ed.* §§ 62:310 *et seq.* The test is set out in the first sentence of Rule 15(c). Adequate notice is required to give defendant a reasonable opportunity to prepare a defense. What constitutes adequate notice depends on the individual case. Notice may come from within or outside of the pleadings.

The prejudice factor is closely tied to the factor of notice. If the opposing party has had notice of the general fact situation from the beginning of the action, it should not, in most instances, be prejudiced by the amendment. The test of prejudice is whether defendant was apprised of the facts by the original pleading or could have reasonably ascertained them.

I hold that the fourth and fifth claims of the amended complaint relate back to the time of the original pleading and are not time barred as to defendant St.

---

visions of subsection (2) of that statute governs because Justin is under the age of 18 years and has a legal guardian. Defendant's argument is rejected. A plain reading of the statute shows that the minor child, Justin Banks, falls under the second exception, (b), to subsection (1).

4. When the negligence of the physician was or should have been discovered is a question of fact for the jury. *DeChellis v. Peterson Chiropractic Clinic,* Colo.App., 630 P.2d 103 (1981); *Short v. Downs, supra.*

Mary's. Under the original complaint, although St. Mary's was not informed of the exact nature of the claim to be made against it, it could or should have ascertained what those claims would be. Even without mention of the training program, the basis of the claim—vicarious liability for the acts of the treating physicians—was discernable from the original complaint. The claims against St. Mary's arise from the same conduct, transaction or occurrence. The motion for summary judgment on this ground is denied.

## THE VICARIOUS LIABILITY OF ST. MARY'S HOSPITAL FOR THE ACTS OR OMISSIONS OF THE TREATING PHYSICIANS

The second basis of St. Mary's motion for summary judgment asserts that under established Colorado law, it cannot be held vicariously liable for the acts or omissions of licensed physicians even if the physicians were full-time paid employees of the hospital. I considered this issue in *Townsend v. Kiracoff*, 545 F.Supp. 465, 467–68 (1982) and held:

"While a doctor's negligence is not generally imputable to the hospital, where the hospital itself acted negligently, either by negligently employing and retaining incompetent physicians or by failing to perform some other necessary cautionary measure, an action for negligence may be maintained against it. As stated by the Colorado Supreme Court:

'[a] hospital, a corporation as here, can not be licensed to, and cannot practice medicine and surgery. The relation between doctor and patient is personal. That a hospital employs doctors on its staff does not make it liable for the discharge of their professional duty since it is powerless, under the law, to command or forbid any act by them in the practice of their profession. Unless it employs those whose want of skill is known, or should be known, to it, or by some special conduct or neglect makes itself responsible for their malpractice ... it cannot be held liable therefore.'

*Moon v. Mercy Hospital*, 150 Colo. 430, 373 P.2d 944, 945 (1962); *Rosane v. Senger*, 112 Colo. 363, 149 P.2d 372, 374 (1944)."

In the present action, plaintiffs allege in the fourth claim for relief that the hospital was negligent in permitting these doctors to practice in its emergency room. Under my ruling in *Townsend* any claim attempting to hold the hospital vicariously liable for the negligence of Drs. Worthman and Ludwig in the care, treatment or diagnoses of Mrs. Banks is dismissed. The fifth claim for relief avers St. Mary's own negligence in the design, conduct and administration of the training program and cannot be disposed of on summary judgment. The hospital's motion as to the fifth claim for relief is denied. Any claim for the individual negligence of the hospital is for determination by the finder of fact.

## THE MOTION OF DR. ELLINWOOD

As I stated earlier, despite the conversion of Dr. Ellinwood's motion under Rule 12(b)(6) to a motion under Rule 56, F.R. Civ.P., *see, Donovan v. Gingerbread House, Inc.*, 536 F.Supp. 627 (D.Colo.1982) (Kane, J.), and a minute order of this court requesting briefing, no brief by plaintiffs nor further supplementation by movant has been filed. The local rules of this court and the language of Rule 56(e) require briefing, affidavits, depositions, interrogatories, etc., in support of and in opposition to a motion for summary judgment. The rule does not permit an adverse party to

rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If he does not so respond, summary judgment, if appropriate, shall be entered against him.*" (emphasis added)

The advisory committee notes state that "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied *even if no opposing evidentiary matter is presented.*" (emphasis add-

ed). *See, Stifel, Nicholaus & Co. v. Dain, Kalman & Quail, Inc.,* 578 F.2d 1256, 1263 (8th Cir.1978); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Without briefing, further development of the facts and discovery, summary disposition of the claims against Dr. Ellinwood at this time is dangerous. Too many potential questions of fact exist which would preclude summary judgment. The converted motion for summary judgment by Dr. Ellinwood is denied without prejudice to its being refiled. If faced with the same questions under rule 15(c) on behalf of Dr. Ellinwood, my ruling would be the same as those made as to the hospital: the claims for negligence against Dr. Ellinwood by plaintiffs arise from the same conduct, transaction or occurrence, namely the death of Mrs. Banks, and although the claims of the original complaint were somewhat inartfully drafted as to Dr. Ellinwood, he was sufficiently on notice of the claims against him and is not substantially prejudiced by the amendment. It is, therefore

ORDERED that the motion to withdraw the motion for summary judgment of defendants Worthman and Ludwig is granted. The motion for summary judgment by St. Mary's Hospital and Medical Center is granted in part and denied in part. The converted motion for summary judgment of Dr. Ellinwood is denied without prejudice to being refiled. It is

FURTHER ORDERED that the defendants shall answer or otherwise respond within 20 days of the date of this order.