[No. 5188.]
[No. 2795 C. A.]

HAYDEN ET AL. V. PATTERSON.

</div>

1.  **Limitation of Actions — Conveyances — Warranty Deeds — Breach of Covenants—Form of Action.**

An action of covenant is the proper remedy for breach of covenants in a deed, and, being a personal action, it comes within the provisions of § 2905, Mills' Ann. Stats., and is, therefore, barred in three years from the date the cause of action accrues. —P. 17.

2.  **Conveyances—Warranty Deeds—Breach of Covenants—When Broken.**

The covenants of seizin and of lawful right to convey, made by a grantor having no title, are broken as soon as made, or at least when a decree establishing an adverse title is rendered. —P. 18.

3.  **Same—Breach of Covenants of Warranty and for Quiet Enjoyment.**

The covenants of warranty and for quiet enjoyment are practically identical in an action to recover for the breach, since the measure of damages is the same; and, when none of the parties have ever been in actual possession, such covenants are broken at a time not later than when the grantee is obliged to buy an outstanding title decreed to be in others.—P. 19.

*Appeal from the District Court of the City and County of Denver.*

*Hon. John I. Mullins, Judge.*

Action by Sarah L. Patterson against Thomas S. Hayden, Charles E. Dickinson and Paul B. Gaylord. From a judgment for plaintiff, defendants appeal.           *Reversed.*

Messrs. TALBOT, DENISON & WADLEY, for appellants.

No appearance for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action to recover damages for breach of covenants in a deed of conveyance of land.

While the heirs of William R. Morley owned an undivided one-quarter interest in block 24, Bellevue, Arapahoe county, Hayden & Dickinson, in April, 1887, sold and conveyed the entire block, including the quarter interest of the heirs, to Paul B. Gaylord, the deed containing covenants of seizin, good right to convey, quiet enjoyment and general warranty.

In June, 1887, Gaylord conveyed the same property to the plaintiff, containing the same covenants as those included in the deed to him by Hayden & Dickinson.

The land was vacant and unoccupied, and never was in the actual possession of Hayden & Dickinson, Gaylord or the plaintiff, up to the time of the alleged breach of covenants. In 1889, the Morley heirs brought their action to quiet title to the undivided quarter interest in the premises which they claimed, and Hayden & Dickinson were made defendants in the action, and the defendant, Gaylord, was duly notified of its pendency. In July, 1889, a decree was obtained in the action establishing such title in the Mor-

ley heirs. Thereupon the plaintiff, in June, 1890, in order to protect her interest, purchased from them their one-quarter interest in block 24, which she supposed she had bought from Gaylord, but to which he had no title.

To the complaint in this action, filed in January, 1900, setting up the foregoing facts and alleging a breach of the four covenants contained in the deeds mentioned, the defendants, Gaylord and Hayden & Dickinson interposed a demurrer that there was a misjoinder of parties and a misjoinder of causes of action, on the overruling of which the defendants answered, thus waiving such alleged misjoinders, and the only defense of the answer which is involved in this appeal is the plea of the three years' statute of limitation.

While our code of civil procedure has abolished the distinction formerly existing between the different forms of actions, yet, by reason of the language of our limitation statute, it becomes necessary, in applying the same to a particular case, to determine what the action would have been before the adoption of the code.—*Toothaker v. City of Boulder*, 13 Colo. 219, 224.

The pending action is one *ex contractu* to recover damages for breach of covenants in a sealed instrument. It is not quite clear whether plaintiff relies upon a breach of some one, or all, of the covenants, but we shall dispose of the case on the supposition that damages are claimed for a breach of all. The common-law action of assumpsit would not lie, as that was for a breach of a parol or simple contract, *i. e.*, not under seal. Debt is not applicable, for that is for the recovery of a sum certain. Case is not pertinent. Indeed, the present action does not come within any of the seven subdivisions of section 2900, Mills' Ann. Stats. On the contrary, at common law, the

action of covenant is the appropriate one to recover damages for breach of a covenant under seal, and was the peculiar remedy where the covenant was one of warranty or for quiet enjoyment.—Stephen on Pleading (Tyler's 3d Amer. ed.) 46 *et seq.* 68; Gould on Pleading (Hamilton's ed.) 22; Chitty on Pleadings (16th Am. ed.) *111 *et seq.,* *129 *et seq.;* 5 Enc. Pl. & Pr. 342 *et seq.;* 11 Cyc. 1022, 1131.

Covenant being a personal action (Stephen 39; 11 Cyc. 1074), it seems, therefore, to come within the class of actions described in section 2905, Mills' Ann. Stats., and is barred in three years from the date the cause of action accrues.

The only question remaining is, when did the cause of action accrue on these four covenants, or either of them, contained in these deeds? So far as any question here is concerned, the covenant of seizin and covenant of lawful right to convey are synonymous.—*Peters v. Bowman,* 98 U. S. 56, 58. So, also, the covenant for quiet enjoyment and the covenant of warranty are practically identical, since, in an action to recover for the breach, the measure of damages is the same.—*Rea v. Minkler,* 5 Lansing (N. Y.) 196; 14th Cent. Digest 223 *et seq.*

Where a grantor conveys land to which he has no title, particularly if he is out of possession, his covenants of seizin and right to convey are broken as soon as made. These covenants are *in presenti,* are personal, and some of the following cases hold that they do not run with the land: *Hacker v. Storer,* 8 Me. 228; *Abbott v. Rowan,* 33 Ark. 593; *Realty Co. v. Brown,* 35 S. W. 637; 14th Cent. Digest 161 *et seq.;* Rawle on Covenants for Title, pp. 360, 556, 567; *Sherwood v. Landon,* 57 Mich. 219; *Mitchell v. Kepler,* 75 Iowa 207.

In other cases, they are held to run with the land until an actual and substantial breach.—11 Cyc. 1134; 14th Cent. Digest, Title Covenants, § 178.

A covenant of warranty in a deed is not broken until eviction, actual or constructive.—*Kramer v. Carter,* 136 Mass. 504; Rawle on Covenants for Title, *supra,* also 155, 157; *Jones v. Warner,* 81 Ill. 343; *McInnis v. Lyman,* 62 Wis. 191; *McGary v. Hastings,* 39 Cal. 360; *Ogden v. Ball,* 40 Minn. 94; 2 Bacon's Abridgement, Title Covenant, 595.

See, also, *Shattuck v. Damb,* 65 N. Y. 499, where the authorities are collated, and the question is exhaustively discussed.

Applying the doctrine of these cases to the facts of this case, it seems that the cause of action on the covenants of seizin and lawful right to convey accrued either at the time the deed was made, which was June 18, 1887, or in July, 1889, when the decree establishing title in the Morley heirs was rendered, which is equivalent to a substantial breach. As the plaintiff was never in actual possession of the premises, there was no actual ouster. The eviction, in law, if at all, occurred either at the date of Gaylord's deed, which was in June, 1887, or not later than the time plaintiff purchased the outstanding interest of the Morley heirs in order to protect her title, which was in June, 1890. Assuming that the eviction occurred at the last mentioned date, the cause of action on the covenants of warranty and for quiet enjoyment accrued more than six years, and on the covenants of seizin and lawful right to convey, more than ten years, before this action was begun in January, 1900.

The record discloses the fact, which is adverted to but not discussed in defendant's brief, that, during all these transactions and until September, 1894, the plaintiff was a married woman. By section 2914, Mills' Ann. Stats., the statutes of limitation do not

run against married women when causes of action in their favor accrue during coverture, but they are entitled to the full period of limitation within which to bring such actions after the disability is removed. Whether the "married woman's act," so called, should be construed as a statute *in pari materia*, and has the effect of withdrawing married women from the operation of the foregoing section, we need not decide. For plaintiff's alleged disability was removed in September, 1894, and, if the section suspends the running of the statute until the removal of the disability, she had only three years thereafter within which to bring her action, or until September, 1897, whereas this action was not brought until January, 1900. It is clear that her cause of action is barred by the three years' statute, which is applicable to what, at common law, would be an action on covenant.

The judgment of the district court holding otherwise must be reversed, and the cause remanded.

*Reversed.*

Chief Justice Gabbert and Mr. Justice Steele concur.