No. 19,757.

FRANCES IRENE PURCELL v. THE POOR SISTERS OF ST. FRANCIS SERAPH.

(364 P. [2d] 184)

Decided August 21, 1961.

Mr. JOHN F. GALLAGHER, Mr. BRIAN J. MULLETT, for plaintiff in error.

Messrs. MURRAY, BAKER AND WENDELKEN, Mr. GERALD W. BENNETT, for defendant in error.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

May a hospital rely upon C.R.S. '53, 87-1-6, to thwart a claim against it for damages for an injury alleged to have been caused by its negligence in caring for a patient? An affirmative answer to this question would vindicate the judgment of the trial court in this case. A negative answer would require a reversal.

The Poor Sisters of St. Francis Seraph own and operate a hospital in Colorado Springs, Colorado. Suit was brought against the religious order by Frances Irene Purcell, alleging that she had been negligently burned while a patient in the hospital.

A summary judgment in favor of the hospital was granted, based upon C.R.S. '53, 87-1-6, which provides:

"No person shall be permitted to maintain an action, whether such action sound in tort or implied contract, to recover damages from any person licensed to practice medicine, chiropractic, osteopathy, chiropody, midwifery or dentistry on account of the alleged negligence of such person in the practice of the profession for which he is licensed or on account of his failure to possess or exercise that degree of skill which he actually or impliedly represented, promised or agreed that he did possess and would exercise, unless such action be instituted within two years after such cause of action accrued."

Under C.R.S. '53, 91-1-7, "a license to practice medicine shall be granted by the board to an applicant" who meets certain requirements. A license to operate a hospital "for the treatment or care of the sick or injured" is a prerequisite to the functioning of such an establishment, by C.R.S. '53, 66-4-1. These enactments are expressions of the legislative will that the two callings require different licenses. These licenses authorize related but different activities, and the issuance of the one does not permit operation under the other.

We defer to that which the legislature plainly and unequivocally has treated as separate and distinct pur-

suits requiring different licenses. A hospital is not "licensed to practice medicine" as those words are used in C.R.S. '53, 87-1-6. Hence, the limitations of that statute cannot be asserted to defeat the claim of Purcell.

These statutes deal with cognate subjects. Considered in respect to each other, they leave no room for doubt (if any could exist in view of the clarity of language employed) that a license "to practice medicine" does not contemplate hospital operations as coming within its terms. *Clark v. Murray,* 141 Kans. 533, 41 P. (2d) 1042; *Fergus Motor Co. v. Sorenson,* 73 Mont. 122, 235 Pac. 422.

The judgment is reversed.

MR. JUSTICE MOORE not participating.