No. 19,960.

VIOLA MOON *v.* MERCY HOSPITAL.
(373 P. [2d] 944)

Decided July 23, 1962.    Rehearing denied August 27, 1962.

Mr. WALLACE McCAMANT, for plaintiff in error.

Mr. T. RABER TAYLOR, for defendant in error.

*In Department.*

Opinion by Mr. Justice Frantz.

Does the complaint of Viola Moon, seeking to recover damages from the hospital for an alleged injurious tort, "state a claim upon which relief can be granted?" The trial court held that it did not, and accordingly entered a judgment of dismissal against her. This action of the trial court is the sole subject of attack by the present writ of error.

In substance the salient allegations of the complaint are: (1) that the hospital is a Colorado corporation; (2) that the hospital employed a doctor, "a resident in surgery, duly licensed to practice medicine in the State of Colorado"; (3) that the doctor, as an employee of the hospital, diagnosed, treated and operated on Viola Moon; (4) that in the diagnosis, treatment and operation of Viola Moon, the doctor as such employee acted carelessly and negligently and the hospital "carelessly and negligently failed to exercise proper supervision over its employee," the doctor, in respect to diagnosis and treatment of her; (5) that serious permanent injury flowed from the said careless and negligent acts.

Certain statutory provisions relating to doctors and hospitals and a trilogy of decisions of this court predestine the outcome of this case.

The statutes are legislative declarations of the prevailing policy of this state in connection with the practice of medicine and the operation of hospitals. C.R.S. '53, 91-1-1 and 66-1-1 et seq.; *Spears Free Clinic and Hospital v. State Board of Health,* 122 Colo. 147, 220 P. (2d) 872.

C.R.S. '53, 91-1-6, defines the phrase, "practice of medicine," in great detail, and 91-1-7 lays down the conditions under which one may be licensed to practice medicine. The licensing of a hospital is provided for by C.R.S. '53, 66-4-1 et seq., as amended. These are distinct licenses permitting complementary but different services.

432

In the case of *Purcell v. The Poor Sisters of St. Francis Seraph,* 147 Colo. 478, 364 P. (2d) 184, we made this pertinent observation:

"Under C.R.S. '53, 91-1-7, 'a license to practice medicine shall be granted by the board to an applicant' who meets certain requirements. A license to operate a hospital 'for the treatment or care of the sick or injured' is a prerequisite to the functioning of such an establishment, by C.R.S. '53 66-4-1. These enactments are expressions of the legislative will that the two callings require different licenses. These licenses authorize related but different activities, and the issuance of the one does not permit operation under the other.

"We defer to that which the legislature plainly and unequivocally has treated as separate and distinct pursuits requiring different licenses. A hospital is not 'licensed to practice medicine' as those words are used in C.R.S. '53, 87-1-6."

It is alleged in the initial paragraph of the complaint that the hospital is a corporation organized under the laws of the State of Colorado. This allegation brings the case within the interdictory language of *Rosane v. Senger,* 112 Colo. 363, 149 P. (2d) 372, that "[a] hospital, a corporation as here, can not be licensed to, and can not practice medicine and surgery. The relation between doctor and patient is personal. That a hospital employs doctors on its staff does not make it liable for the discharge of their professional duty since it is powerless, under the law, to command or forbid any act by them in the practice of their profession. Unless it employs those whose want of skill is known, or should be known, to it, or by some special conduct or neglect makes itself responsible for their malpractice (and no such allegation here appears) it cannot be held liable therefor." Cf. *People v. Painless Parker,* 85 Colo. 304, 275 Pac. 928.

It is the import of our decisions that a licensed physician is the principal when performing medical

services in a hospital. *Beadles v. Metayka,* 135 Colo. 366, 311 P. (2d) 711; *Rosane v. Senger,* supra.

When a doctor diagnoses, treats and operates on a patient in a hospital, he is in command of these functions, and the hospital and its employees subserve him in his ministrations to the patient. He has sole and final control in the matter of diagnosis, treatment and surgery. Possessed of this authority, it follows that his actions as doctor are his responsibility.

█ The purport of the cited statutes and of the decisions is that the hospital cannot and does not practice medicine and, hence, cannot be charged with the careless and negligent performance of medical services by a doctor on the staff of the hospital or employed by the hospital as a resident surgeon.

This being the law of this state, we must and do affirm the judgment.

Mr. Justice Sutton and Mr. Justice Pringle concur.