## No. 24385.

JANE ADAMS *v.* POUDRE VALLEY HOSPITAL DISTRICT.
(476 P.2d 565)

Decided November 9, 1970. Rehearing denied November 30, 1970.

PATRICK J. McHUGH, JOHN PERROTT, for plaintiff in error.

O. REX WELLS, SAMUEL L. ANDERSON, for defendant in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS was an action to recover damages resulting from a staphylococcus infection. The parties appear in the same order as in the trial court and are referred to as plaintiff and the Hospital, respectively. The court granted the Hospital's motion for summary judgment. We affirm in part and reverse in part.

The amended complaint set forth that the plaintiff contracted the infection at about the time she underwent surgery at the Hospital. Three statements of claim were alleged. The first was predicated upon negligence, and the second upon *res ipsa loquitur* with the allegation that the "injury ... ordinarily would not occur in the absence of negligence" of the Hospital. The third claim was predicated upon an allegation that the Hospital "agreed to supply said facilities and warranted, expressly or impliedly, that said facilities would be fit for the use intended by plaintiff." A breach of contract was then alleged.

The court ruled that each of the three claims was barred by the 2-year statute of limitations, C.R.S. 1963, 87-1-6. Prior to the amendment of this statute in 1963 the opinion in *Purcell v. Poor Sisters,* 147 Colo. 478, 364 P.2d 184 (1961), was rendered, holding that the statute did not apply to a hospital. The amended statute (as set forth in the 1963 Session Laws of Colorado, p. 687, with the new material in capital letters) reads as follows:

"No person shall be permitted to maintain an action, whether such action sound in tort or implied contract, to recover damages from A LICENSED HEALTH ESTAB-LISHMENT DUE TO ALLEGED NEGLIGENCE IN PROVIDING CARE OR FROM any person licensed IN THIS STATE OR ANY OTHER STATE to practice medicine, chiropractic, osteopathy, NURSING, PHYSICAL THERAPY, chiropody, midwifery, or dentistry on account of the alleged negligence of such person in the practice of the profession for which he is licensed or on account of his failure to possess or exercise that degree of skill which he actually or impliedly represented, promised, or agreed that he did possess and would exercise, unless such action be instituted within two years after such cause of action accrued."

The plaintiff argues that "licensed health establishment" refers to institutions such as nursing homes and

does not include a hospital operated by a hospital district. Plaintiff attempts to support the argument with the citation of C.R.S. 1963, 66-1-7 (13) (b) which refers to a "certificate of compliance" and does not mention a license. This is not a licensing statute, but rather one specifying the powers of the state department of public health. The Hospital was licensed under C.R.S. 1963, 66-4-1. It was clearly embraced within the provisions of the above quoted statute of limitations.

 The surgery took place on December 17, 1963, and the action was filed on December 3, 1968. The plaintiff contends that the court erred in finding that the action accrued on the date of surgery, arguing that there is nothing before the court to show the time the plaintiff *discovered* that she had contracted the infection. We will assume that the statute of limitations begins running at the time of discovery of the injury. *Cf. Owens v. Brochner,* 172 Colo. 525, 474 P.2d 603 (1970). The complaint alleged that "plaintiff contracted a staph infection about the time of said operation." In the absence of something appearing to the contrary, it can be implied that plaintiff knew of the infection at that time. In this posture, if discovery of the infection was more than three years following the surgery (*i.e.,* less than two years prior to the commencement of the action to be within the statute of limitations), then there was a duty upon the plaintiff to call this fact to the attention of the court. See *Sullivan v. Davis,* 172 Colo. 490, 474 P.2d 218 (1970).

 The statute applies to actions which "sound in tort or implied contract." In the third statement of claim the plaintiff alleged that the Hospital breached a warranty made "expressly or impliedly." The plaintiff argues that this may be an express contract and, therefore, the 2-year statute of limitations does not apply but rather the 6-year statute (C.R.S. 1963, 87-1-11) is applicable. The court concluded that, whether the cause sounded in tort or contract, under *Maercklein v. Smith,* 129 Colo. 72, 266

P.2d 1095 (1954), the entire action was embraced within the 2-year statute. In *Maercklein* the plaintiff claimed that he was to be circumcised and instead the surgery consisted of a vasectomy. He filed an action more than one year but less than two years following the event. He alleged that a "battery and act of malpractice" was committed. The statute of limitations for actions for assault and battery was and is one year. It was held that the gist of the action was negligence and, in spite of the fact that a battery was alleged, the entire matter fell under the 2-year statute here under consideration.

■■ The reasoning in *Maercklein* cannot be used in the instant matter. When the 2-year statute limits its application to actions which "sound in tort or implied contract," the legislative intent is apparent that express contracts are not thereby included. We agree, therefore, with the contention of the plaintiff. Under our practice the plaintiff may plead in the alternative that there was an express contract. The Hospital did not attempt to show that there was no express contract. This being the case, the motion for summary judgment should have been denied as to the third claim.

In oral argument counsel for the plaintiff stated that he did not know whether or not there was an express contract as it was his co-counsel who had the contact with the client and prepared the complaint. If there was no express contract, a frank disclosure of that fact should have been made to the trial court and to us. Following remand, if the Hospital can and does make a showing that there was no express contract, the trial court can again consider the motion for summary judgment as to the third statement of claim in the light of this and any counter-showing. We confess that this seems to be a case that, if there were an express contract, the fact would have been disclosed ere now. But if there is, the plaintiff will be entitled to her day in court, unimpaired by the 2-year statute of limitations.

The judgment is affirmed as to the dismissal of the

first and second statements of claim and is reversed with respect to the dismissal of the third statement of claim; and the cause is remanded with direction to the trial court to proceed in a manner consonant with the views expressed herein.

MR. JUSTICE HODGES not participating.