Paula Herzmark Executive Director Department of Local Affairs 1313 Sherman Street, Room 518 Denver, Colorado 80203
Dear Ms. Herzmark:
This is in response to your letter of May 7, 1980 requesting an attorney general's opinion regarding the authority of a county hospital to employ licensed physicians to perform services in the hospital's emergency room, with compensation to be paid physicians on a salary basis, an annual contract price, or a per-patient charge.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion raises two specific areas of concern:
1. Do county hospitals have the right and authority to employ licensed physicians to perform services in the hospital's emergency room?
 My conclusion is that county hospitals do have such authority.
2. Whether compensation for such physicians should be on a salary basis, an annual contract price, or a per/patient charge?
 My conclusion is that compensation arrangements are controlled by C.R.S. 1973, 25-3-304(2) and 25-3-314.
ANALYSIS
It is my opinion that the boards of trustees of county hospitals have authority to contract with physicians for coverage of emergency rooms, in order to establish or maintain a county hospital. C.R.S. 1973, 25-3-304(2), provides, in part, that, "The board of public hospital trustees shall have the power to hire, retain, and remove agents and employees, including administrative, nursing, and professional personnel, engineers, architects, and attorneys, and to fix their compensation . . . and shall in general carry out the spirit and intent of this part 3 in establishing and maintaining a county public hospital."
Other jurisdictions which have considered similar arrangements have upheld their validity. In Blank v. Palo Alto-StanfordHospital Center, 44 Cal.Rptr. 572 (1965), a hospital entered into a written contract with certain physicians whereby the latter were given the exclusive right to perform diagnostic radiology services for the hospital. This arrangement was challenged as constituting the corporate practice of medicine — an unlawful act. Noting that the physicians retained their freedom of action (i.e. freedom of determining how medical services were to be performed), the California court held that no illegality was involved in the arrangement. The court inBlank further rejected arguments that the arrangement was an unlawful restraint of trade and that it interfered with the freedom of choice of the patient.
Similarly, in Rush v. City of St. Petersburg, 205 So.2d 11
(Fla. 1967), it was held that the City of St. Petersburg, as owner and operator of a hospital, did not exceed its authority in contracting with the physician to assure radiology services on a full-time basis. Again the court considered whether the contract constituted the unauthorized practice of medicine by the hospital. Cf. C.R.S. 1973, 12-36-117(m). Since the physician-patient relationship was maintained by the physician involved, and since the hospital did not attempt to direct the physician as to methods used in diagnosing or treating patients, the court ruled that there was no unauthorized practice of medicine by the hospital. Rejecting contentions similar to those raised in Blank, the court held the arrangement to be legally valid. Accord Letsch v. Northern San DiegoCounty Hospital District, 55 Cal.Rptr. 118
(1969); Benell v. City of Virginia, 104 N.W.2d 633
(Minn. 1960).
Colorado cases considering such arrangements (i.e. where physicians are employed on a hospital's staff) have made the observation that a hospital cannot and does not practice medicine. The relation between doctor and patient is personal. Even where a hospital employs doctors on its staff it is powerless, under the law, to command or forbid any act by them in the practice of their profession. The physician has sole and final control in the matter of diagnosis and treatment.Moon v. Mercy Hospital, 150 Colo. 430, 373 P.2d 944
(1962); Bernardi v. Community Hospital Association,166 Colo. 280, 443 P.2d 708 (1968).
Generally, authorities which have considered the validity of contracts between hospitals and physicians for the provision of medical services have upheld such contracts. Courts have rejected arguments that such arrangements, under particular circumstances, exceeded the authority of hospital officials, constituted the corporate practice of medicine, constituted an unreasonable interference with the right of other physicians to practice their profession, or denied patients their right to select a physician. See: 74 A.L.R. 3d 1268.
County hospitals are required to provide emergency services.6 C.C.R. 1011-1, ch. IV, § 11. In view of this requirement and in view of the provisions of C.R.S. 1973, 25-3-304, a county hospital may contract with a physician for the provision of emergency room services. Furthermore, C.R.S. 1973, 25-3-314
specifically provides that under certain circumstances a county hospital may employ physicians and surgeons for the performance of general professional services, with compensation to be made according to that section. These circumstances are:
 (1) The hospital is to be owned and operated by a county, or a city and county, having a population in excess of two hundred fifty thousand persons.
 (2) The hospital must be a teaching hospital accredited by the joint commission on accreditation of hospitals and by the council on medical education of the American Medical Association.
Under these circumstances, the charges for services rendered by any such physician or surgeon are to be collected through the medium of the hospital in the name of the physician or surgeon. Upon collection, the fees are to be placed in the medical practice fund to be established by the hospital for the purpose of compensating the physicians and surgeons employed by the hospitals and other physicians and surgeons serving as consultants or engaged in medical research or education. C.R.S. 1973, 25-3-314.
Compensation arrangements are controlled by C.R.S. 1973, 25-3-314
or are to be set by the board of trustees pursuant to C.R.S. 1973, 25-3-304(2).
SUMMARY
County hospitals do have the power and authority to employ licensed physicians to perform services in the hospitals' emergency rooms. Such arrangements do not constitute the corporate practice of medicine by the hospitals. Where a physician is hired pursuant to C.R.S. 1973, 25-3-314, compensation arrangements should be controlled pursuant to that same section of the statute. Otherwise, compensation arrangements are to be set by the board of trustees pursuant to C.R.S. 1973, 25-3-304(2).
Very truly yours,
 J.D. MacFARLANE Attorney General
HOSPITALS PHYSICIANS AND SURGEONS
C.R.S. 1973, 25-3-304(2) C.R.S. 1973, 25-3-314
C.R.S. 1973, 12-36-117(m)
LOCAL AFFAIRS, DEPT. OF Local Government, Div. of REGULATORY AGENCIES, DEPT.
County hospitals have the authority to hire physicians to perform services in the hospitals' emergency rooms. This does not constitute the unauthorized practice of medicine, nor does it interfere with the right of patients to select a physician.