Cosme RODRIQUEZ, Natural father and next friend of Monica Rodriquez, and Margarita R. Rodriquez, as next best friend of Plaintiff, Monica Rodriquez, a minor, Plaintiffs-Appellants,

v.

CITY AND COUNTY OF DENVER, Defendant-Appellee.

No. 83CA1262.

Colorado Court of Appeals, Div. II.

Dec. 20, 1984.

Rehearing Denied Feb. 21, 1985.

Certiorari Denied Aug. 19, 1985.

Lutz & Berkowitz, P.C., Stephen N. Berkowitz, Paul David Feld, Denver, for plaintiffs-appellants.

Stephen H. Kaplan, City Atty., Carl R. Mangino, Asst. City Atty., Denver, for defendant-appellee.

SMITH, Judge.

Plaintiffs appeal from the summary judgment dismissing their negligence complaint against the City and County of Denver in its role as the owner and operator of Denver General Hospital. We affirm.

In their complaint plaintiffs originally named as defendants several resident physicians at Denver General Hospital. They alleged that these physicians were guilty of negligence and medical malpractice in the treatment of Monica and Margarita Rodriquez, and that the City and County of Denver was jointly and severally liable

with the individual defendants upon the theory of *respondeat superior.*

Prior to trial, plaintiffs settled and compromised their claims with the individual defendants, and executed releases to them. They reserved their right, however, to proceed against the City and County of Denver. The City, thereafter, filed its motion for summary judgment, the disposition of which is the subject matter of this appeal.

Plaintiffs did not allege that Denver General Hospital itself was guilty of any acts of negligence. They did not assert that the hospital failed to provide either the proper equipment or personnel. Nor did they allege that any members of the hospital's direct employee staff, other than the named "resident physicians," committed any acts of negligence. Rather they argue that by the application of the doctrine of *respondeat superior,* the City and County of Denver, as the employer of its resident physicians, should be held jointly liable with them for their negligence.

Inasmuch as there are no material issues of disputed fact, we must look, as did the trial court, to the complaint to determine whether or not plaintiffs have stated a claim upon which relief could be granted.

Plaintiffs acknowledge that the Colorado Supreme Court has held that:

> "A hospital ... cannot be licensed to and cannot practice medicine or surgery. The relation between doctor and patient is personal. That a hospital employs doctors on its staff does not make it liable for the discharge of their professional duty, since it is powerless, under the law, to command or forbid any act by them in the practice of their profession. Unless it employs those whose want of skill is known, or should be known, to it, or by some special conduct or neglect makes itself responsible for their malpractice ... it cannot be held liable therefor."

*Rosane v. Senger,* 112 Colo. 363, 149 P.2d 372 (1944). This rule was subsequently followed in the case of *Moon v. Mercy*

*Hospital,* 150 Colo. 430, 373 P.2d 944 (1962).

■ Plaintiffs argue, however, that the instant case presents a unique situation in which we should depart from the rule announced in *Rosane* and *Moon, supra.* They assert that because the resident physicians who treated the injured plaintiffs were not licensed to practice medicine in Colorado and were participating in an educational program, the City's responsibility as an employer is greater than it was in the *Rosane* and *Moon* cases. They assert that this special relationship constitutes the "special conduct" which the *Rosane* case indicates may be an exception to the rule announced therein. We conclude that this argument is without merit.

■ The liability of an employer for the acts of his employee derives historically from the power and ability of the employer to control the acts of the employee. This is the nature of the doctrine of *respondeat superior.* Here, the individual treating physicians were engaged in a multi-year postgraduate residency program, designed to perfect their skills in a particular specialty, and may not have been licensed to practice as private physicians in the state of Colorado. However, the fact that they were residents does not mean that Denver General Hospital or the City and County of Denver had any more power of control over the physicians' professional conduct in treating their patients than it would have had over the actions of a private physician exercising staff privileges. As the Supreme Court said in *Moon, supra:*

> "When [the doctor] diagnoses, treats, and operates on a patient in the hospital, he is in command of the functions and the hospital and its employees subserve him in his ministrations to his patients."

While we agree that there is a difference in the nature of the hospital's relationship as between private physicians having staff privileges and those resident physicians who are employed by the hospital, we are

not persuaded that this has any bearing on an individual treating physician's authority to exercise independent professional judgment relative to diagnosis and treatment of patients. There is no support in the record for the proposition that the hospital is vested with authority to control or dictate the professional medical decisions made by resident physicians merely because such physicians, who admittedly meet the educational and experience qualifications for licensure by Colorado, have not chosen to apply for such licensure.

We therefore hold that the rule enunciated by our Supreme Court in the *Rosane* and *Moon* cases is applicable to the facts here and, accordingly, conclude that the trial court properly granted summary judgment for defendant.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.