**Miguel and Emilia CAMACHO, Plaintiffs-Appellants,**

v.

**The MENNONITE BOARD OF MISSIONS, doing business as Pioneers Memorial Hospital, an Ohio corporation, Defendant-Appellee.**

No. 83CA0230.

Colorado Court of Appeals, Div. II.

Jan. 24, 1985.

Rehearing Denied Feb. 21, 1985.

Certiorari Denied Aug. 19, 1985.

Lee N. Sternal, Pueblo, James R. Collins, Denver, for plaintiffs-appellants.

Long and Jaudon, P.C., James A. Dierker, Denver, for defendant-appellee.

BERMAN, Judge.

Plaintiffs, Miguel and Emilia Camacho, appeal from the trial court's entry of a directed verdict in favor of defendant hospital and the striking of plaintiffs' claim for damages for the cost of raising their child to majority. We affirm.

Plaintiffs initially instituted this action in 1979 against defendant hospital and against a licensed physician on the medical staff at the hospital, following an unsuccessful sterilization procedure on plaintiff wife in May 1977. Subsequent to this unsuccessful tubal ligation, wife gave birth to a daughter.

Prior to trial, the court granted the hospital's motion to dismiss the surgical malpractice claim as to it and ruled that defendant doctor's knowledge was not imputable to the hospital and, thus, that the hospital could not be vicariously liable for any alleged negligence of the doctor. Following the presentation of plaintiffs' case-in-chief, the court granted the hospital's motion for a directed verdict as to the remaining claims asserting the hospital's independent negligence. The case proceeded to judgment against the doctor, and he is not a party to this appeal.

Plaintiffs first contend that the trial court erred in granting the hospital a directed verdict, arguing that there was sufficient evidence to submit to the jury the question of whether the hospital independently acted negligently by allowing the doctor to perform the operation without an assistant surgeon, by failing to abide by some of its own rules and regulations, and by failing to comply with its non-delegable duty to supervise and review the surgical procedures being performed by the doctor. Upon reviewing the record, we conclude that there was not sufficient evidence presented by the plaintiffs to indicate a prima facie case of negligence against the hospital.

A cause of action for negligence requires proof, by a preponderance of the evidence, of a legal duty to conform to a certain standard of conduct, a breach of this duty, a causal connection between de-

fendant's alleged negligent conduct and resulting injury, and actual loss or damage resulting to the interest of another. W. Prosser & W. Keeton, *Torts* § 30 (5th ed. 1984). Hence, to avoid a directed verdict here, plaintiffs were required to present a prima facie case in support of each of these elements of negligence against the hospital.

Plaintiffs first assert that the hospital itself acted negligently by allowing the doctor to perform this operation without an assistant surgeon because the standard of care in Colorado in 1977 required the presence of an assistant. However, we agree with the hospital that there is no evidence which supports a finding of negligence. The record does not contain sufficient evidence to show the required standard of care in the area, and since plaintiffs failed to establish what the proper standard was, it is impossible to determine the ultimate question of the hospital's negligence with respect to this issue. *See Caro v. Bumpus*, 30 Colo.App. 144, 491 P.2d 606 (1972).

Plaintiffs next contend that the hospital was negligent by failing to abide by and enforce its own rules and regulations. Specifically, plaintiffs argue that the defendant doctor should not have been allowed to perform the tubal ligation because his privileges should have been suspended for violation of the rule that required operative reports to be dictated within 24 hours of surgery and because plaintiff wife's hospital chart did not contain a preoperative note concerning a physical examination which the rules required to have been completed prior to surgery.

The evidence presented on these issues by the plaintiffs included 20 of defendant doctor's surgical reports, the hospital rules and regulations, and testimony of plaintiff wife and the hospital's present administrator. Plaintiffs established that three of the doctor's operative reports have no dictation or transcription dates which, plaintiffs allege, makes it impossible to determine whether they were completed at the time of plaintiff wife's surgery. The inference the plaintiffs would have us draw is that the three reports do not have a dictation date, and therefore, they could have been completed after plaintiff wife's surgery, in which case the doctor should have been suspended prior to the unsuccessful tubal ligation. Placing the most favorable construction on this evidence, we cannot reach that conclusion.

" 'Mere possibilities leave the solution of an issue in fact in the field of conjecture and speculation to such an extent as to afford no basis for inferences to a reasonable certainty....' 'If the existence of an essential fact upon which a party relies is left in doubt or uncertainty, the party upon whom the burden rests to establish that fact should suffer, and not his adversary.' "

*Polz v. Donnelly*, 121 Colo. 95, 213 P.2d 385 (1949).

Similarly, on the issue of plaintiff wife's preoperative history and physical, while plaintiffs presented evidence that there was no preoperative note on plaintiff wife's chart, a history and physical examination dictated on June 21, 1977, is contained in plaintiff's hospital record. Moreover, on cross-examination, plaintiff wife admitted that she recalled certain aspects of a physical examination being performed by a nurse; does not recall one way or the other with respect to other aspects being performed by the defendant doctor; and recalls that some aspects of the physical were not performed by anyone. Given this evidence, we conclude that it was not sufficient to make a prima facie showing of negligence on the part of the hospital.

Plaintiffs also assert that the hospital was itself negligent by failing to comply with its non-delegable duty to supervise and review the surgical procedures being performed by the defendant doctor. We disagree.

Although a doctor's negligence is not generally imputable to the hospital, we agree with plaintiffs that the hospital itself may be liable for its negligence to supervise adequately and review the performance of the members of its medical staff. *Moon v. Mercy Hospital*, 150 Colo. 430, 373 P.2d 944 (1962); *Western Insurance Co. v. Brochner*, 682 P.2d 1213 (Colo.App.1983);

*see also Rodriquez v. Denver,* 702 P.2d 1349, (Colo.App.1984) (negligence of resident, non-licensed physicians is not imputable to hospital or City under doctrine of *respondeat superior* ). We conclude, however, that there was virtually no evidence presented to show that the defendant hospital's review procedures were inadequate.

Hence, viewing the evidence and all reasonable inferences therefrom in a light most favorable to the plaintiffs, we hold that there is insufficient evidence from which reasonable persons could conclude that the hospital had breached any duty it owed plaintiffs, and thus, the trial court properly entered a directed verdict for the hospital. *See Metropolitan Gas Repair Service, Inc. v. Kulik,* 621 P.2d 313 (Colo. 1980); *Adams v. Leidholdt,* 38 Colo.App. 463, 563 P.2d 15 (1976), *aff'd,* 195 Colo. 450, 579 P.2d 618 (1978).

In view of our decision, it is unnecessary to consider plaintiffs' other assignment of error.

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.