Barry B. COX, and Donna C. Cox, Plaintiffs-Appellees,

v.

MIDLAND FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant-Appellant.

No. 84CA1029.

Colorado Court of Appeals, Div. II.

May 28, 1987.

Rehearing Denied June 25, 1987.

Jorge E. Castillo, P.C., Jorge E. Castillo, Denver, for plaintiffs-appellees.

Fairfield and Woods, Daniel R. Frost, Patrick F. Kenney, Denver, for defendant-appellant.

STERNBERG, Judge.

The plaintiffs, Barry B. and Donna C. Cox, hired a general contractor to build a home on land they owned, for approximately $105,000. The plaintiffs applied for and obtained a $100,000 construction loan from the defendant, Midland Federal Savings and Loan Association. The home was built, a certificate of occupany issued, and the plaintiffs moved into the home in December 1979. Unanticipated expenses caused by delays in completion, extra costs, and mechanics' liens were encountered; therefore, the plaintiffs sued the contractor. When the contractor's debts were dis-charged in bankruptcy, the plaintiffs brought this action against Midland on negligence and misrepresentation theories seeking compensatory and punitive damages.

Following a trial to a jury, judgment was entered on a verdict in the amount of $90,000 in favor of the plaintiffs and against Midland on the negligence claim. The jury found in favor of Midland on the misrepresentation claim. Midland appeals, and we reverse.

■ Midland asserts on appeal, and we agree, that no evidence of the standard of care applicable to construction lenders was presented in this negligence case and that it was therefore error to submit the case to the jury. *Camacho v. Mennonite Board of Missions*, 703 P.2d 598 (Colo.App.1985) is dispositive. As stated in *Camacho:*

> "The record does not contain sufficient evidence to show the required standard of care in the area, and since plaintiffs failed to establish what the proper standard was, it is impossible to determine the ultimate question of the ... negligence [of defendant]...."

Contrary to the plaintiffs' argument the contract itself provided no standard of care. Moreover, there was no evidence presented of any irregularity in Midland's handling of the contract, nor that it had had any responsibility for delays and over-runs, or for the filing of mechanics' liens.

The facts of this case are not of such a nature that the jury can determine the issue without being given a standard of care by which to gauge Midland's conduct. Thus, there is no reason not to apply the general proposition of negligence law requiring evidence of a standard of care to cases such as this. To hold otherwise would be to make a construction lender an insurer or guarantor.

■ We also conclude that the trial court erred in admitting parol evidence in the form of testimony by the plaintiffs that Midland had agreed to help select the contractor, had guaranteed his competence, and had agreed to supervise construction to

assure that the house could be built for the contract price. The loan agreement and commitment between the plaintiffs and Midland provided that such matters remained the exclusive responsibility of the plaintiffs, and that no prior oral representations were a part of the agreement. Therefore, it was error to allow testimony of the alleged oral agreements which varied the terms of the written agreement. Upon execution of a written contract, prior conversations are merged into the written instrument. *Candell v. Western Federal Savings & Loan Ass'n,* 156 Colo. 552, 400 P.2d 909 (1965); *Stevens v. Stevens,* 44 Colo. App. 252, 611 P.2d 590 (1980).

Our disposition of the case on this basis makes it unnecessary to address Midland's other contentions of error.

The judgment is reversed, and the cause is remanded with directions to vacate the judgment and to dismiss the complaint.

SMITH and METZGER, JJ., concur.