Eileen **WINSTEAD**, Plaintiff–Appellant,

v.

**CRITERION INSURANCE COMPANY,** Defendant–Appellee.

No. 88CA0855.

Colorado Court of Appeals, Div. V.

Aug. 31, 1989.

Rehearing Denied Sept. 28, 1989.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

William A. Alexander, Jr., Colorado Springs, for plaintiff-appellant.

Retherford, Mullen, Rector & Johnson, Neil C. Bruce, Colorado Springs, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiff, Eileen Winstead, appeals the summary judgment that dismissed her claim against defendant, Criterion Insurance Co. (the carrier), for personal injury protection (PIP) benefits allegedly due her under a policy of insurance issued by the carrier and for a statutory penalty for a willful failure to pay those benefits. The trial court concluded that the three-year statute of limitations contained within § 13–80–107, C.R.S. (subsequently repealed and re-enacted with amendments, Colo. Sess.Laws 1986, ch. 114 at 695, et seq.) barred plaintiff's action. We reverse.

Plaintiff was injured while riding as a passenger in a motor vehicle that was allegedly insured under the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A), by the carrier. Section 10–4–708, C.R.S. (1987 Repl.Vol. 4A) provides that, if a carrier does not pay the benefits required to be paid under the Act, "the person entitled to such benefits may bring an action *in contract* to recover the same." (emphasis supplied) That statute also provides that, if the failure to pay is willful and wanton, the claimant is entitled to receive, in addition to the benefits due, an amount equal to three times the amount of unpaid benefits.

The accident in which plaintiff was injured occurred in February 1982; in April of that year plaintiff made demand upon the carrier for the payment of PIP benefits; and in June 1982 the carrier refused such demand. Plaintiff instituted this action in May 1986, more than three years after the occurrence of the last relevant event.

The trial court applied the provisions of § 13–80–107, C.R.S., in effect at the time of the accident. That statute required "all *personal* actions, on any contract not limited by … [§ 13–80–110, C.R.S.] … or by any other law" to be brought within three years after the cause of action accrued. (emphasis supplied)

Plaintiff, on the other hand, argues, and we agree, that the applicable statute is § 13–80–110, C.R.S., (subsequently re-

pealed and re-enacted with amendments, Colo.Sess.Laws 1986, ch. 114 at 695, et seq.) as it existed on the date of the accident. *See* Colo.Sess.Laws 1986, ch. 114, § 23(1) at 706. That statute established a limitation period of six years for:

"(a) All actions of *debt founded upon any contract* or liability in action; [and]

. . . .

(d) All actions of *assumpsit, or on the case founded on any contract* or liability, express or implied." (emphasis supplied)

The Code of Civil Procedure (and, later, the Colorado Rules of Civil Procedure) abolished the distinction among the various common law forms of action. *See* C.R.C.P. 2. Nevertheless, a determination of the nature that a pleaded case would have assumed at the common law is required in order to determine which of these two statutes is the appropriate one to be applied. *Hayden v. Patterson*, 39 Colo. 15, 88 P. 437 (1907).

Both the common law action of debt and the common law action of assumpsit have long legal histories, dating back to as early as the mid–1500's, and the nature of the claims encompassed by each underwent substantial modifications as time passed. However, by at least the nineteenth century an action at law on the case for assumpsit could include any claim based upon any informal (*i.e.*, not under seal) agreement, whether oral or written, express or implied, and whether for a liquidated or unliquidated sum. *See generally* Ames, *The History of Assumpsit*, 2 Harv.L.Rev. 1 (1888) and 2 Harv.L.Rev. 53 (1888).

Debt was an action for the breach of either a formal or an informal contract, but this form of action could be maintained only if the demand was for a liquidated sum (such as a suit on a promissory note). *Ames, supra;* 1 S. Williston, *Contracts* § 11 (W. Jaeger 3rd ed. 1957).

An action at law for covenants was a third form of action that was based upon the breach of a formal contract (*i.e.*, a contract under seal). 1 S. Williston, *supra*, § 5. This action, however, was a *personal*

action under the common law; a claimed breach of the covenant of seizin or quiet enjoyment were typical claims under this form of action. *See Stone v. Rozich*, 88 Colo. 399, 297 P. 999 (1931); *Hayden v. Patterson, supra.*

The distinctions between these common law actions were the bases for the distinctions made between the actions to which the three-year limitation period of § 13–80–107 applied and the actions to which the six-year period set out in § 13–80–110 applied.

Thus, actions in the nature of the common law action of covenant were governed by § 13–80–107. *See Barker v. Jeremiasen*, 676 P.2d 1259 (Colo.App.1984); *Bernklau v. Stevens*, 150 Colo. 187, 371 P.2d 765 (1962); *Stone v. Rozich, supra; Hayden v. Patterson, supra.* On the other hand, if the claims could have been asserted in the common law forms of action of debt or assumpsit, § 13–80–110 applied. *See Adams v. Poudre Valley Hospital District*, 173 Colo. 98, 476 P.2d 565 (1970); *Comfort Homes, Inc. v. Peterson*, 37 Colo. App. 516, 549 P.2d 1087 (1976). *See also Uhl v. Fox*, 31 Colo.App. 13, 498 P.2d 1177 (1972) (although complaint prayed for equitable remedy of specific performance, it sought payment of liquidated sum, and accordingly, it was to be treated as an action in debt for statute of limitation purposes).

Further, even if an action is one involving an obligation that was imposed by statute, if it is similar to an action in debt or in assumpsit, then the six-year period of limitations is applicable to it. *Goeddel v. Aircraft Finance, Inc.*, 152 Colo. 419, 382 P.2d 812 (1963) (six-year statute applies to action based upon statute providing that ineffective attempt to transfer capital stock gives rise to promise to do so); *Columbine Beverage Co. v. Continental Can Co.*, 662 P.2d 1094 (Colo.App.1982) (six-year statute applies to claim arising under sales tax statute authorizing retailer to recover unpaid sales tax from user or consumer "in the same manner as other debts"). *But see Board of Trustees v. Koman*, 133 Colo. 598, 298 P.2d 737 (1956)

(holding, by implication, that action by re-signed policemen to recover disability pension provided for by statute is not similar to an action in either debt or assumpsit).

■ Here, the claim stated in plaintiff's complaint arises from the provisions of an express, "informal" contract—the alleged insurance policy. In addition, the statute specifically authorizes the recovery of the benefits by means of "an action in contract." Thus, the nature of plaintiff's basic claim is similar to a claim that could have been asserted under the common law form of action of assumpsit.

■ Nor does the fact that plaintiff seeks to recover a statutory penalty under § 10–4–708, C.R.S. (1987 Repl.Vol. 4A) change the nature of her action. The claim for payment of such a penalty does not, in our view, constitute a separate claim for relief. Rather, this statute, like the statute authorizing the collection of exemplary damages, merely provides for additional relief to be given in conjunction with the successful prosecution of the underlying claim, provided certain aggravating circumstances are shown to exist. *See* § 13–21–102, C.R.S. (1987 Repl.Vol. 6A); *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982). Thus, the fact that plaintiff requested such relief did not change the contractual nature of her underlying claim nor cause her to assert a separate, non-contractual, claim.

It is, therefore, § 13–80–110, and not § 13–80–107, which applies to the claim asserted in plaintiff's complaint. And, since her action was commenced well within the six-year limitation period established by this statute, the trial court erred in dismissing her complaint.

The judgment of the trial court is reversed and the cause is remanded to that court for further proceedings consistent with the views contained herein.

REED and RULAND, JJ., concur.