Garland Willard REIDER and Victoria Cordova Reider, both individually and as husband and wife, Plaintiffs–Appellants,

v.

Robert Dennis DAWSON, individually and as the employee of the Eagle County Sheriff's Department; The Eagle County Sheriff's Department, a political subdivision of the State of Colorado; and Eagle County Board of County Commissioners, a political subdivision of the State of Colorado, Defendants–Appellees.

No. 91CA1376.

Colorado Court of Appeals, Div. V.

Dec. 3, 1992.

Rehearing Denied Jan. 7, 1993.

Certiorari Granted July 26, 1993.

Fredric B. Butler, Eagle, for plaintiffs-appellants.

Hall & Evans, Malcolm S. Mead, Cathy H. Greer, Denver, for defendants-appellees.

Opinion by Judge HUME.

In this personal injury action arising from an alleged automobile accident, plaintiffs, Garland Willard Reider and Victoria Cordova Reider, appeal from the summary judgment which dismissed their claims against defendants, Robert Dennis Dawson, the Eagle County Sheriff's Department (Department), and the Eagle County Board of County Commissioners. We affirm in part, reverse in part, and remand for further proceedings.

According to the complaint filed January 22, 1991, plaintiff Garland Reider was severely injured on November 24, 1989, when a vehicle belonging to the Department and operated by Officer Dawson within the scope of his employment with the Department, struck and ran over plaintiff who had just departed his disabled vehicle. Plaintiff Victoria Reider's derivative claims were for loss of consortium.

The Department and the Board filed an answer to the complaint which admitted that plaintiff's vehicle had left the roadway in an automobile accident and that a Departmental vehicle driven by Dawson, a deputy sheriff, had responded to the scene. However, those defendants denied that the Department's vehicle had struck plaintiff. The answer asserted, among other defenses, that plaintiffs' claims were barred by the one-year statute of limitations contained in § 13–80–103(1)(c), C.R.S. (1987 Repl.Vol. 6A).

All defendants joined in a motion to dismiss the complaint pursuant to C.R.C.P. 12(b)(5) on the grounds (1) that the complaint failed to state any claim against the Board and (2) that the claims against Dawson and the Department were barred by the one-year statute of limitations set forth in § 13–80–103(1)(c), C.R.S. (1987 Repl.Vol. 6A).

Plaintiffs filed an objection to the motion, with supporting exhibits, asserting, among other grounds, that claims based upon an automobile-pedestrian collision are governed by the three-year limitation period for actions under the Colorado Auto Accident Reparations Act, § 13–80–101(1)(j), C.R.S. (1987 Repl.Vol. 6A), and that, therefore, their complaint was timely filed. Defendants filed a reply to plaintiffs' objection, accompanied by a supporting affidavit of Deputy Dawson.

Following the submission of additional written briefs, the trial court concluded that the motion should be construed as one for summary judgment pursuant to C.R.C.P. 56. It also determined that the Board was a separate entity from the Department, that no basis for liability on the part of the Board had been shown, and that no factual issue existed to preclude the Board's dismissal from the action.

The trial court also determined that, because the allegations against Dawson were solely in his official capacity as a deputy sheriff and because plaintiff Garland Reider knew the alleged cause of his own injuries on the date of the accident, the one-year statute of limitations barred plaintiffs' claims against Dawson and the Department.

The judgment was certified to be final pursuant to C.R.C.P. 54(b).

## I.

On appeal, plaintiffs do not challenge the trial court's determination that the Board was a separate entity from the Department and that no factual issue precluded the Board's dismissal as a matter of law. Accordingly, because the propriety of this ruling is not before us, we affirm that portion of the judgment dismissing plaintiffs' claims against the Eagle County Board of County Commissioners without further discussion. *See Sanchez v. State,* 730 P.2d 328 (Colo.1986); *BOP Industries, Inc. v. State Board of Equalization,* 694 P.2d 337 (Colo.App.1984).

## II.

Plaintiffs contend that a genuine issue of material fact existed as to when their cause of action accrued and that, therefore, the trial court erred in determining that plaintiff knew of his injuries and

their cause in November 1989. In the alternative, they argue that the Department and Dawson were estopped from asserting the statute of limitations because the Department may have concealed material facts by failing to provide copies of the accident report. We find no merit in either contention.

A cause of action for personal injury accrues on the date the physical injury and its cause were known or should have been known by the exercise of reasonable diligence. Section 13–80–108(1), C.R.S. (1987 Repl.Vol. 6A); *Jones v. Cox*, 828 P.2d 218 (Colo.1992).

Further, when the undisputed facts demonstrate that a plaintiff discovered or reasonably should have discovered the negligent conduct as of a particular date, the issue of when the cause of action accrued may be decided as a matter of law. *Morris v. Geer*, 720 P.2d 994 (Colo.App.1986).

Also, although an investigative report may provide further information concerning a claim, the claim itself accrues under § 13–80–108(1) when a plaintiff is aware of his injuries and the cause thereof. *Mosher v. Lakewood*, 807 P.2d 1235 (Colo.App. 1991).

Here, the record confirms that plaintiff Garland Reider knew of his injuries and their cause on the date of the accident. Plaintiffs' objection to the motion to dismiss contains the following statement: "Mr. Reider consistently told all medical and emergency personnel who assisted him that night and a state patrol officer who recorded his statement three days after the accident about the second accident with the Department's vehicle." Moreover, plaintiffs attached a copy of Dawson's report written the day after the accident in which the deputy sheriff wrote, "I asked the person [Reider] if he was okay and he said that the patrol car had hit him."

Under these circumstances, we conclude that the trial court did not err in its determination, based upon undisputed facts, that plaintiff Garland Reider was aware of his injuries and their cause in November 1989 and that the Department and Dawson were not estopped from asserting the statute of limitations.

## III.

Plaintiffs also contend that, because Dawson failed to file an answer to the complaint, his joinder in the motion to dismiss was insufficient to raise the statute of limitations as an affirmative defense in his behalf. We disagree.

We recognize generally that a statute of limitations defense should be raised in an answer to the complaint rather than in a motion to dismiss. C.R.C.P. 8(c). This position is not universally followed, however, as many courts hold that the defense of limitations may be raised by a motion to dismiss when the time alleged in the complaint shows that the action was not brought within the statutory period. *Wasinger v. Reid*, 705 P.2d 533 (Colo.App. 1985).

Here, the complaint itself revealed that it was filed more than a year after the accident. Further, there is no indication in the record that plaintiffs raised Dawson's failure to answer in their supplemental brief opposing the motion or that they applied for an entry of default against Dawson in the trial court. Under these circumstances, we conclude that Dawson's joinder in the motion was sufficient to raise the limitations issue as to the claims against him. *See Cox v. Pearl Investment Co.*, 168 Colo. 67, 450 P.2d 60 (1969).

## IV.

Plaintiffs also contend that the trial court erred in concluding that the one-year statute of limitations, § 13–80–103(1)(c), was a bar to their claims. Relying on *Cox v. Jones*, 802 P.2d 1125 (Colo.App.1990), aff'd, 828 P.2d 218 (Colo.1992), they argue that claims arising from an automobile-pedestrian accident are governed by the three-year statute set forth in § 13–80–101(1)(j), C.R.S. (1987 Repl.Vol. 6A), which pertains to actions under the Colorado Auto Accident Reparations Act (the No-Fault Act).

In support of the judgment, and relying on *Bailey v. Clausen,* 192 Colo. 297, 557 P.2d 1207 (1976) and *Cain v. Guzman,* 761 P.2d 295 (Colo.App.1988), defendants respond that the one-year statute applied by the trial court governs this case because Dawson was acting in his official capacity as a deputy sheriff at the time of the accident. We agree with plaintiffs.

This is the first time a Colorado appellate court has been asked to resolve the apparent conflict between these two arguably applicable statutes of limitation in a negligence action against a sheriff's department arising from an alleged automobile accident involving a departmental vehicle.

The one-year statute, § 13–80–103(1), C.R.S. (1987 Repl.Vol. 6A), applied by the trial court provides as follows:

> The following civil actions, *regardless of the theory upon which suit is brought,* or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter:

> . . . .

> (c) All actions against *sheriffs,* coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority.

(emphasis supplied)

This court has previously held that the former statute, § 13–80–103, C.R.S., as it existed prior to its 1986 repeal and reenactment as § 13–80–103(1)(c), was applicable to any liability incurred as a result of an act performed in the Department's official capacity, including a personal injury suit brought against a deputy sheriff arising from a collision occurring while the officer was responding to a call. *Cain v. Guzman, supra; see also Bailey v. Clausen, supra* (the term "sheriff" is used in its generic sense and includes the whole class of officers performing the duties of the office of sheriff, including deputy sheriffs).

Conversely, the three-year statute, § 13–80–101(1), C.R.S. (1987 Repl.Vol. 6A), relied upon by plaintiffs provides as follows:

> The following civil actions, regardless of the theory upon which suit is brought, or *against whom suit is brought,* shall be commenced within three years after the cause of action accrues, and not thereafter:

> . . . .

> (j) All actions under the 'Colorado Auto Accident Reparations Act'. . . .

(emphasis supplied)

In *Cox v. Jones, supra,* this court held that § 13–80–101(1)(j) was applicable to a plaintiff's action for personal injuries sustained in an automobile collision against the allegedly negligent driver of the other vehicle.

The supreme court affirmed, holding that the General Assembly intended personal injury negligence actions brought by an insured claimant against the operator of the other vehicle involved in the accident to constitute actions brought "under" the No-Fault Act and that the General Assembly intended the three-year statute of limitations to apply. *Jones v. Cox, supra.* Thus, it held that the longer statute of limitations for actions under the No-Fault Act, rather than the shorter general tort statute of limitations, was applicable to actions for personal injuries arising out of a motor vehicle accident. *Jones v. Cox, supra.*

In so holding, our supreme court cited with approval the opinion of the Kentucky Supreme Court in *Troxell v. Trammell,* 730 S.W.2d 525 (Ky.1987). In *Troxell,* the Kentucky court held that, because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail when two statutes are arguably applicable. Our supreme court, finding this reasoning to be persuasive, held that notions of fairness required that, if a plaintiff's ability to file an action was to be limited by the No-Fault Act then she should enjoy the benefit of the longer statute of limitations for claims provided under the Act. *Jones v. Cox, supra.*

We consider this ruling to be dispositive of this appeal. Thus, to the extent that *Cain v. Guzman, supra,* supports the proposition that the one-year statute gov-

erns, we view that case as having been implicitly overruled by *Jones v. Cox, supra.* Accordingly, because the record reflects that the complaint was filed within three years after the date of the accident, we conclude that it was timely filed. *See Jones v. Cox, supra.*

## V.

Alternatively, in support of the judgment, the Department and Dawson contend that the three-year statute, § 13–80–101(1)(j), does not apply to an action for injuries received in an accident with a Departmental patrol car because the No–Fault Act applies only to vehicles which are required to be registered in Colorado. *See* § 10–4–715(1)(a), C.R.S. (1987 Repl.Vol. 4A); *see also* § 42–3–103(3), C.R.S. (1984 Repl.Vol. 17). They further argue that the exception for unregistered but insured vehicles contained in § 10–4–715(1)(a) also does not apply because plaintiffs failed to establish that the Department's vehicle was insured. We find no merit in this contention.

■ The intent of the No–Fault Act is to maximize coverage, and the Act is to be liberally construed to further its remedial and beneficent purposes. *Leland v. Travelers Indemnity Co.*, 712 P.2d 1060 (Colo. App.1985). Further, our supreme court has held that the No–Fault Act's limits apply to a tort lawsuit arising from an accident with a patrol car when the alleged tortfeasor has coverage equivalent to that required under the No–Fault Act. *Bushnell v. Sapp*, 194 Colo. 273, 571 P.2d 1100 (1977).

■ Contrary to defendants' argument, the statute of limitations is an affirmative defense to be pleaded and proved by defendants. *See* C.R.C.P. 8(c); *Comfort Homes, Inc. v. Peterson*, 37 Colo.App. 516, 549 P.2d 1087 (Colo.App.1976). Further, as the moving party for summary judgment, defendants carry the burden of establishing the lack of a triable issue of fact. *Thompson v. Public Service Co.*, 800 P.2d 1299 (Colo. 1990). Accordingly, it was their burden, not plaintiffs', to establish that there was no insurance on the patrol vehicle. *See*

*Adams v. Poudre Valley Hospital District*, 173 Colo. 98, 476 P.2d 565 (1970).

The summary judgment is affirmed as to the dismissal of plaintiffs' claims against the Board of County Commissioners and reversed insofar as it concluded that plaintiffs' claims were barred by § 13–80–103(1)(c), C.R.S. (1987 Repl.Vol. 6A). The cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

JONES and MARQUEZ, JJ., concur.