94 F.3d 655
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William Stephen HANCE, Kathryn Mary Colgin, Plaintiffs-Appellants,
v.
Regina M. KARLIS, Mel Powers, Alvaro Edward Corredor,
Cynthia Guthrie, Plaintiffs,
v.
ARKANSAS VALLEY AVIATION, INC., doing business as Mountain
Flight Center, Inc., Defendant-Appellee.
William Stephen HANCE, Kathryn Mary Colgin, Mel Powers,
Alvaro Edward Corredor, Cynthia Guthrie, Plaintiffs,
v.
Regina M. KARLIS, Plaintiff-Appellant,
v.
ARKANSAS VALLEY AVIATION, INC., doing business as Mountain
Flight Center, Inc., Defendant-Appellee.
William Stephen HANCE, Regina M. Karlis, Kathryn Mary
Colgin, Plaintiffs-Appellees,
v.
Mel POWERS, Alvaro Edward Corredor, Cynthia Guthrie, Plaintiffs,
v.
ARKANSAS VALLEY AVIATION, INC., doing business as Mountain
Flight Center, Inc., Defendant-Appellant.
 Nos. 93-1411, 93-1483, 93-1503, 93-1421, 93-1487, 93-1432
and 93-1493.
 United States Court of Appeals, Tenth Circuit.
 June 28, 1996.
 
 1
 Before TACHA, Circuit Judge, HOLLOWAY, Senior Circuit Judge, and BURRAGE*, District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BURRAGE, District Judge, Sitting by Assignment.
 
 
 4
 This appeal arises from the district court's Order entered September 14, 1993, granting summary judgment in favor of the Defendant Arkansas Valley Aviation, Inc. ("Defendant") and against Plaintiffs Williams Steven Hance, Kathryn Mary Colgin, and Regina M. Karlis (hereinafter collectively referred to as "Plaintiffs"). Defendant has also filed a cross-appeal, alleging various errors of law which allegedly arose during the trial on the issue of liability which occurred prior to the district court's granting of summary judgment in favor of the Defendant. This Court exercises appropriate jurisdiction over this matter pursuant to 28 U.S.C. § 1291.[1]
 
 
 5
 Plaintiffs' action based in negligence arises out of the crash of an aircraft at the Telluride Airport in Telluride, Colorado occurring on December 29, 1987. The pilot of the aircraft was Alvaro Edward Corredor with passengers Hance, Colgin, Karlis, Cynthia Guthrie, and Mel Powers aboard the aircraft. Plaintiffs' ill-fated flight originated from Houston, Texas with a final destination of Telluride, Colorado. Prior to departing from Houston, Corredor contacted authorities at both the Telluride Airport and Federal Aviation Administration to determine the runway and weather conditions at the Telluride Airport. Corredor testified, and the record reveals little to contradict such testimony, that Defendant, as the fixed base operator of the Telluride Airport did not reveal to Corredor any adverse icy runway conditions.
 
 
 6
 Plaintiffs offered the testimony of Mr. Gary Filippelli ("Filippelli"), a former employee of the Defendant, as support for their contention that Defendant misrepresented runway conditions to incoming pilots to increase the number of take-offs and landings in an effort to increase profits and to meet quotas to procure federal funding for the airport. Filippelli testified that failure to give runway conditions was providing "incomplete information" to incoming pilots which led to a continuing disagreement between he and airport officials.
 
 
 7
 On the date of the accident, Corredor attempted to land the aircraft at Telluride Airport, the aircraft left the runway, crashed down a cliff, and collided with a dirt embankment and trees. Corredor and the passengers all suffered injuries as a result of this accident.
 
 
 8
 An investigation by the National Transportation Safety Board ("NTSB") and by counsel retained by the passengers of the aircraft attributed the cause of the accident to pilot error. During these investigations, the passengers allege that neither Defendant nor Defendant's employees revealed the failure to warn Corredor of the conditions at the airport. Based upon the conclusions of these investigations, Colgin and Karlis filed suit in 1989 against Corredor, Chemical Financial Corp., the owner of the aircraft and Corredor's employer. Hance, Guthrie and Powers made direct claims against Corredor's insurance carrier. The insurance carrier accepted liability for the accident and settled the claims of the passengers.
 
 
 9
 Corredor investigated further into the circumstances surrounding the accident and Defendant's actions in advising or failing to advise Corredor of the runway conditions. Based upon this investigation, Corredor, Powers, and Guthrie commenced an action against Defendant on December 29, 1989. Thereafter, Plaintiffs requested permission from the district court to amend the complaint to add them as party plaintiffs. This request was denied. Consequently on September 5, 1991, Plaintiffs commenced a separate action against Defendant.[2]
 
 
 10
 In this action, the parties stipulated to bifurcation of liability and damage issues. A trial on liability was conducted in June of 1993, with the jury returning a verdict in favor of the Plaintiffs, finding Defendant 75% liable and Corredor 25% liable for the accident. Thereafter, prior to a trial on damages, Plaintiffs filed a motion for summary judgment regarding Defendant's affirmative defense of expiration of the applicable statute of limitations. Defendant filed a cross-motion on the same issues and on the additional matter of the propriety of the district court permitting the testimony of a witness at the liability phase of the trial. Summary judgment was entered in favor of the Defendant on September 14, 1993 and, as a result, no damage determination was rendered.
 
 
 11
 In the underlying action, Plaintiffs allege negligence for the failure of Defendant to keep the airport runway clear of ice and to warn Corredor that the runway was icy and that other flights had been diverted on the day of the accident. Plaintiffs challenge the district court's determination on the statute of limitations issue pertaining primarily to the second claim for relief asserted in this cause. Specifically, Plaintiffs contended before the district court that the statute of limitations in this case for negligence was tolled by:
 
 
 12
 1. the discovery rule;
 
 
 13
 2. Defendant's fraudulent concealment of the circumstances surrounding its culpability; and
 
 
 14
 3. the mental incapacity of Plaintiffs Hance and Karlis following the accident such that they could not comprehend and protect their legal rights.
 
 
 15
 In its order, the district court found that with regard to the discovery rule, Plaintiffs had sufficient knowledge or with reasonable diligence could have known of Defendant's liability. The district court also found in regard to fraudulent concealment that the testimony indicated insufficient evidence to support the necessary elements to find fraudulent concealment. In its final ruling having relevance in this appeal, the district court determined that Plaintiffs Hance and Karlis possessed the requisite mental capacity to appreciate and protect their legal rights and denied Plaintiffs' request to toll the statute of limitations on this basis.
 
 
 16
 On appeal, Plaintiffs contend that the district court erred as a matter of law in weighing the credibility of witness testimony on the question of fraudulent concealment. Further, Plaintiffs contend that the district court erred in determining a disputed factual issue that the Plaintiffs could have discovered their cause of action against the Defendant by exercising reasonable diligence. Finally, Plaintiffs assert that the district court erred in determining on summary judgment a disputed factual issue on whether the statute of limitations was tolled with regard to Plaintiffs Hance's and Karlis' alleged mental capacity.
 
 
 17
 We review the district court's granting of summary judgment by applying the same standards employed by the trial court under Rule 56(c) of the Federal Rules of Civil Procedure; namely, that there exists no genuine issue as to any material fact and that the Defendant was entitled to summary judgment as a matter of law. Miller v. Armstrong World Industries, Inc., 949 F.2d 1088, 1090 (10th Cir.1991); Osgood v. State Farm Mutual Auto Insurance Co., 848 F.2d 141, 143 (10th Cir.1988). In particular, we review de novo a district court's ruling regarding the applicability of a statute of limitations. Industrial Constructors v. Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir.1994); Wright v. Southwestern Bell Telephone Co., 925 F.2d 1288, 1290 (10th Cir.1991).
 
 
 18
 In an action based upon diversity jurisdiction such as this case, we apply state law to determine the substantive legal questions. Perlmutter v. United States Gypsum, Co., 54 F.3d 659, 662 (10th Cir.1995). Under Colorado law, a negligence action must be commenced within two years after the accrual of the cause of action. Colo.Rev.Stat.Ann. § 13-80-102(1). The date of accrual is the date that the injury and its cause are known or should have been known by the exercise of reasonable diligence. Colo.Rev.Stat.Ann. § 13-80-108. Plaintiffs clearly commenced their action outside of this two year statute of limitations, but contend that said statute has been tolled.
 
 
 19
 In the first instance, Plaintiffs assert that whether they knew or with reasonable diligence should have known the existence of their claim is a question for the jury when disputed facts exist and should not be subject to summary judgment. Under Colorado law, the question of Plaintiff's knowledge or reasonable diligence is typically a question for a jury. See, e.g. Banker's Trust Co. v. International Trust Co., et al., 113 P.2d 656, 664 (Colo.1941). However, where there is no genuine issue of material fact that a plaintiff discovered or reasonably should have discovered a defendant's wrongful conduct as of a particular date, the issue may be decided as a matter of law. Reider v. Dawson, 856 P.2d 31, 33 (Colo.App.1992); Palisades National Bank v. Williams, 816 P.2d 961, 963 (Colo.App.1991); Miller v. Celotex Corp., 708 F.Supp. 306, 307 (D.Colo.1989).
 
 
 20
 The district court determined that "... Plaintiffs' knowledge of the icy runway conditions was sufficient to put a reasonable person on notice that the damages suffered may have been caused by Defendant Arkansas Valley Aviation, the airport operator." Aplts.App. at 338. Consequently, the district court determined that the statute of limitations should not be tolled by the discovery rule. We disagree. The statute of limitations on Plaintiffs' claims "begin[s] to run when the claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another." Mastro v. Brodie, 682 P.2d 1162, 1168 (Colo.1984). Corredor testified at the trial on liability that Defendant failed to advise him, upon his inquiry, of the conditions of the runway and the status of air traffic on the day of the accident. Whether Plaintiffs' knowledge of the icy condition of the runway when they exited the aircraft after the accident would have led a reasonable person to conclude that Defendant failed to notify Corredor of the conditions at the airport remains a question of fact more appropriately determined by a jury. Therefore, this Court is led to the undeniable conclusion that a genuine issue existed with regard to material facts pertinent to the question of tolling under the discovery rule which would have precluded a determination on summary judgment.
 
 
 21
 Similarly, Plaintiffs contend that the statute of limitations should have been tolled because of evidence of fraudulent concealment by the Defendant of its potential liability. Under Colorado law, fraudulent concealment requires that the claimant demonstrate:
 
 
 22
 1. The concealment of a material existing fact that in equity and good conscience should be disclosed;
 
 
 23
 2. Knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed;
 
 
 24
 3. Ignorance of that fact on the part of the one from whom the fact is concealed;
 
 
 25
 4. The intention that the concealment be acted upon; and
 
 
 26
 5. Action on the concealment resulting in damages.
 
 
 27
 First Interstate Bank of Ft. Collins, N.A. v. Piper Aircraft Corp., 744 P.2d 1197, 1200 (Colo.1987).
 
 
 28
 In large measure, Plaintiffs rely on the testimony of Filippelli, provided during the liability phase of the trial, to assert that Defendant was less than forthright about its disclosure of the runway conditions on the day of the accident. Filippelli stated that managers at the airport "did give misrepresentation (sic) of the weather to incoming pilots ..." Aplts.App. at 395. Further, Filippelli testified that he was instructed "not to hurt the airport" while speaking to NTSB investigators. Aplts.App. at 401-402. The district court determined that Filippelli's testimony was insufficient to establish the elements of fraudulent concealment required by Colorado law. Specifically, the district court found that "... Filippelli's testimony, in light of other testimony disputing his claims, is insufficient to support a showing of fraudulent concealment." Aplts.App. at 340. This blatant weighing of evidence is expressly prohibited during a court's analysis on summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). Filippelli's credibility in light of other testimony and whether that testimony is sufficient to give rise to a claim for concealment is a question of fact exclusively within the province of the jury and not for the court's evaluation on summary judgment. Additionally, Defendant's contention that the information provided by Filippelli to the NTSB was truthful ignores the possibility that Filippelli may have withheld information from the NTSB. First Interstate Bank v. Piper Aircraft Corp., supra at 1200-01. This, too, lies within the jury's evaluation of the evidence at trial. Consequently, the district court's opinion in this regard must be reversed.
 
 
 29
 Finally, Plaintiffs Hance and Karlis contend that the limitations period was tolled due to their mental incapacity from injuries arising from the crash. Colorado law at Colo.Rev.Stat.Ann. § 13-81-103(1)(c) recognizes this tolling for mental incapacity in providing:
 
 
 30
 If the disability of a person is terminated before the expiration of the period of limitation in paragraph (a) of this subsection (1) and no legal representative has been appointed for him, such person shall be allowed to take an action within the period fixed by the applicable statute of limitations or taken within two years after the removal of the disability, which ever period expires later.
 
 
 31
 Plaintiffs Hance and Karlis contend that they suffered severe emotional and psychological trauma as a result of the crash which prevented them from comprehending their legal rights and should toll the applicable statute of limitations. Speiser v. United States Department of Health and Human Services, 818 F.2d 95 (D.C.Cir.1987). The district court found in its opinion that shortly after the crash, these Plaintiffs sought and hired attorneys to protect their legal rights, thus evincing a cognizance of the existence and nature of their legal rights. We concur with this conclusion. The record indicates that Plaintiffs Hance and Karlis were capable of relating the events which transpired shortly after the crash. This fact coupled with their retention of legal counsel to assist them in asserting appropriate legal claims vitiates the Plaintiffs' contention that mental incapacity prevented the assertion of such claims within the two year statute of limitations period provided under Colorado law. As a result, this asserted basis for appeal of the district court's opinion is rejected.
 
 
 32
 Having found that the district court was in error in its decision, we now turn to the merits of Defendant's additional issue in its cross-appeal. Defendant contends that the district court permitted the testimony of Filippelli over the objection of its counsel during the liability phase of trial when such testimony concerning the Defendant's operations was irrelevant and unduly prejudicial. Fed.R.Evid. 402, 403. Defendant also contends that the testimony represented inadmissible evidence of other wrongs or acts and of habit, since Filippelli did not state that specific misrepresentations were made on the day of the accident. Fed.R.Evid. 404(b), 406. Plaintiff responds to these contentions in stating that Defendant's sole objection to the admission of this evidence at trial was prejudice, with the remaining bases for challenge appear in this appeal in the first instance. Further, with regard to Defendant's prejudice objection, Plaintiff asserts that Filippelli's testimony was relevant, not prejudicial and vitally probative on the issue of Defendant's motive, opportunity, intent, knowledge and plan to misrepresent conditions at the airport in order to enhance its financial gain.
 
 
 33
 As a threshold matter, the specific ground for reversal of an evidentiary ruling on appeal must be the same as that raised at trial. Fortier v. Dona Anna Plaza Partner, 747 F.2d 1324, 1331 (10th Cir.1984) (citations omitted). In this case, Defendant preserved its objection based upon the relevance and prejudicial nature of the testimony. Further, Defendant perpetuated its objection based upon Rule 404(b) by its counsel stating at trial that "... there has certainly never been any sort of argument or allegation from the plaintiff that anything like this had anything to do with this accident." Aplts.App. at 394-395. This statement intimates that the evidence related to other acts and not the specific act at issue in the trial. The same cannot be said for Defendant's objection based upon habit or routine under Rule 406. Nothing stated by Defendant's counsel at trial preserved this objection for purposes of appeal.
 
 
 34
 The district court is given broad discretion in deciding evidentiary matters. Gilbert v. COSCO, Inc., 989 F.2d 399, 402 (10th Cir.1993). Evidentiary rulings are reviewed for an abuse of discretion. Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1433 (10th Cir.1993). "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Pandit v. American Honda Motor Co., Inc., 82 F.3d 376, 379 (10th Cir.1996).
 
 
 35
 Under Fed.R.Evid. 402, "[a]ll relevant evidence is admissible," while conversely, "[e]vidence which is not relevant is not admissible." "Relevant evidence" includes "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed.R.Evid. 401. Further, when ruling on the admissibility under Fed.R.Evid. 403, "the task of the trial judge is one of 'balancing the probative value of and need for the evidence against the harm likely to result from its admission.' McAlester v. United Air Lines, Inc., 851 F.2d 1249, 1257 (10th Cir.1988). This is a task to which the trial judge is particularly suited because of his familiarity with the full array of the evidence. Id." C.A. Associates v. Dow Chemical Co., 918 F.2d 1485, 1489 (10th Cir.1990). The testimony provided by Filippelli was both relevant and probative on the issue of Defendant's conduct in reporting or misrepresenting weather and runway conditions. The trial court had the opportunity to balance the prejudice that frequently results from adverse testimony with the probative nature of the testimony and found in favor of admission. We perceive no abuse of discretion in this decision.
 
 
 36
 Further, the testimony is also admissible under the precepts of Fed.R.Evid. 404(b). Filippelli testified as to his experiences concerning the information provided by managers of the airport under certain conditions that were admittedly present on the day of the accident as well as the reason for providing such information. Without doubt, this evidence directly bears upon the motive, opportunity, intent, plan and knowledge of Defendant and its employees when adverse conditions arise at the airport. Consequently, we find no abuse in permitting the testimony under this exception expressly recognized under Fed.R.Evid. 404(b). Accordingly, no error is found in the evidentiary rulings raised on Defendant's cross-appeal, such that a new trial on liability should result.
 
 
 37
 Accordingly, because we conclude that the district court was in error in its determination on summary judgment that Plaintiffs' claims should not be tolled by the theories based upon the discovery rule and fraudulent concealment asserted herein, the judgment of the district court is REVERSED and the case is REMANDED for further proceedings in accordance with the ruling reflected herein. Further, Defendant's cross-appeal is denied and the evidentiary rulings of the district court comprising the subject of the cross-appeal are AFFIRMED.
 
 
 
 *
 The Honorable Michael Burrage, District Judge, United States District Court for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Initially, a threshold jurisdictional issue presented itself on whether the original notice of appeal filed with this Court was premature in light of the pendency of a motion for new trial before the district court which had not yet been ruled upon at the time of the filing of the original notice of appeal. However, upon entry of an order denying Defendant's motion for new trial on November 24, 1993, Plaintiffs filed a new notice of appeal on December 7, 1993 with Defendant filing an amended notice of cross-appeal on December 17, 1993. Consequently, any defect in the original notices of appeal filed in this action was cured by the subsequent filing of notices of appeal upon denial of the request for a new trial. Fed.R.App.P. 4(a)(4). All such appeals have been consolidated for disposition by this Court
 
 
 [2]
 Two actions were initiated in the district court involving Corredor and the five passengers against the Defendant. These actions identified as 89-F-226 and 91-F-1541 were consolidated for adjudication in the district court. The claims of Powers and Guthrie were dismissed by order of the district court on October 5, 1993 after settlement of their claims with the Defendant. Judgment was entered on October 18, 1993 in favor of Corredor and against the Defendant after a jury verdict. Thus, the sole Plaintiffs remaining who are involved in this appeal are Hance, Karlis, and Colgin