# UNITED STATES COURT OF APPEALS

**Filed 8/23/96**

## FOR THE TENTH CIRCUIT

———

J. T. GARNER,               )
                                 )

     Plaintiff-Appellant,    )
                                 )

v.                       )       No. 96-3189
                                 )   (D.C. No. 96-CV-3133)
CHARLES SIMMONS, Kansas Secretary  )   (Dist. of Kansas)
of Corrections; JAY SHELTON, CONNIE)
M. JOHNSON, Correctional Officer;  )
PATRICIA CANFIELD, Correctional    )
Officer; ROBERT PERDUE, Assistant  )
Warden, NCF; R.M. CROWDER; RICHARD )
WYATT, Member Administrative Board,)
NCF; J. RANDOLPH RETHANE, Member of)
Administrative Review Board, NCF;  )
K. RAY, Member of Administrative    )
Segregation Review Board, NCF; B.E.)
MARBLE, Correction Officer, NCF;    )
WADE YOUNKIN, Unit Team Manager,    )
NCF; (NFN) RUNNELL, Unit Team,     )
First Hearing Officer, NCF; (NFN)  )
ROHLING, Classification Administra-)
tor, NCF,                       )
                                 )

     Defendants-Appellees.   )

———

## ORDER AND JUDGMENT[*]

———

Before **ANDERSON, BARRETT and MURPHY**, Circuit Judges.

———

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Dr. J. T. Garner, an inmate of the Kansas Department of Corrections, Lansing Correctional Facility, Lansing, Kansas, appearing pro se, appeals from the district court's order denying his Motion to Reconsider the court's order dismissing his 42 U.S.C. § 1983 civil rights complaint on the ground that Garner's claim of retaliation "is too vague and conclusory to state a claim of constitutional deprivation or to allow for any meaningful response by defendants."  (Order of March 22, 1996, at 2).

In his pro se complaint, filed March 11, 1996, Garner alleged that defendant Charles Simons, as Chief Officer for the Kansas Department of Corrections, "rubber stamped" his approval of two "fabricated, false reports" made by defendant C. M. Johnson in "reprisal, retaliatory and harassment" of Garner which caused Garner to "lose his medium security status which was changed to maximum security status" subjecting Garner to "solitary confinement in administration segregation then subsequently transferred behind prison walls, [apparently from the medium security facility at El Dorado to the maximum security facility at Lansing], with loss of

-2-

all earned privileges of restriction to a prison cell needlessly." Garner alleged that after Ms. Johnson, a prison guard, was reprimanded as a result of his successful lawsuit wherein he complained that she had wrongfully confiscated his long underwear, Johnson retaliated against him by filing the false reports, planting antacids in his cell, and by submitting false disciplinary reports resulting in his change from medium security status to maximum security status. Garner alleged that this caused him extreme hardship and irreparable loss of pay and income.

Garner sought: $250,000 in punitive damages and $100,000 in compensatory damages against defendants Johnson and Patricia Canfield; $50,000 punitive damages and $50,000 compensatory damages from the remaining defendants; restoration to medium security custody status or possibly to minimum by reason of his exemplary record; and that the "bogus" writeups be deleted from his record.

On appeal,[1] Garner contends that the district court erred in failing to consider the well supported facts and issues substantiating his allegations that he was retaliated against by false, malicious disciplinary reports which denied him due process of law.

On appeal, we must treat Garner's pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). We review a district

---

[1]    The district court denied Garner's leave to proceed on appeal in forma pauperis. We grant Garner's motion filed in this court.

court's order of dismissal pursuant to Fed. R. Civ. P. 12(b)6) for failure to state claim by accepting all factual allegations of the plaintiff as true and by resolving all reasonable inferences in his favor. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995); Arnold v. McClain, 926 F.2d 963, 965 (10th Cir. 1991). Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which sets forth the requirements for pleading a claim, calling for "a short and plain statement of the claim showing that the pleader is entitled to relief." In Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995), we held that appellant's pro se allegations "are merely conclusory in that they do not allege the factual basis for an equal protection claim, and even pro se litigants must do more than make conclusory statements regarding constitutional claims." See also Petrick v. Maynard, 11 F.3d 991, 995 (10th Cir. 1993).

We have carefully reviewed the record on appeal. We affirm the district court's dismissal as to all defendants/appellees except defendant/appellee C.M. Johnson substantially for the reasons set forth in the district court's Orders of March 22, 1996, and May 15, 1996. We hold that Garner's factual allegations as to Johnson are sufficient to withstand a Rule 12(b)(6) motion. We reverse and remand for further proceedings as to defendant/appellee Johnson.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings.

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge