F I L E D
United States Court of Appeals
Tenth Circuit

JUN 13 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

J.T. GARNER,

        Plaintiff-Appellant,

v.

CONNIE M. JOHNSON,
Correctional Officer,

        Defendant-Appellee.

No. 00-3238
(D.C. No. 96-CV-3133-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**  *

Before **SEYMOUR** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff J. T. Garner, an inmate of the Kansas Department of Corrections, appearing pro se, appeals from a judgment entered for the defendant, Connie M. Johnson, following a bench trial of his civil rights action under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and affirm. [1]

Garner filed his § 1983 complaint against Ms. Johnson, a corrections officer, and other defendants. Garner had assisted another inmate file a report against Ms. Johnson claiming she wrongfully confiscated the inmate's long underwear. In his § 1983 complaint, Garner claimed Ms. Johnson was reprimanded as a result of that report, and that Ms. Johnson retaliated against him by planting antacids in his cell and by submitting false disciplinary reports against him. In these reports, Garner was charged with having improperly marked cassette tapes in his cell and with hoarding contraband antacid medicine. Garner was found guilty following disciplinary hearings, which resulted in his change from medium security to maximum security status. Garner claims his civil rights were violated because of Ms. Johnson's alleged false and retaliatory disciplinary

---

[1] Contrary to the district court's finding in its July 12, 2000, order, Garner's Fed. R. Civ. P. 59(e) motion for review and reconsideration was timely filed. Final judgment was entered by the district court on May 15, 2000, (see district court docket sheet and R. Doc. 65) rather than May 12, 2000, as stated by the district court. Applying Fed. R. Civ. P. 6(a) and 59(e) and Fed. R. App. P. 4(c), Garner timely filed his Rule 59(e) motion prior to the expiration of the May 30, 2000, deadline. Accordingly, Garner's notice of appeal was timely filed.

reports. [2]  The district court dismissed the complaint as being too vague and conclusory to state a claim for relief under Fed. R. Civ. P. 12(b)(6).  On appeal, we affirmed the dismissal of all defendants except Ms. Johnson, holding that the factual allegations against her were sufficient to withstand a Rule 12(b)(6) motion.  Garner v. Simmons, No. 96-3189, 1996 WL 477571 (10th Cir. Aug. 23, 1996) (unpublished disposition).

On remand, the district court held a one day bench trial, at which Garner called several witnesses, including Ms. Johnson, and presented evidence. Thereafter, the district court made numerous findings of fact, including findings that Garner failed to produce any evidence in support of his allegations that (1) Ms. Johnson was reprimanded as a result of the long underwear complaint or otherwise had a motive to retaliate against him; (2) Ms. Johnson believed Garner's possession of the cassette tapes was lawful when she filed the disciplinary report against him; (3) Ms. Johnson planted antacid medicine in his cell; and (4) that the disciplinary hearing officer ruled against Garner based on unauthorized contact with witnesses.  Accordingly, the district court entered judgment in favor of Ms. Johnson.

---

[2]  Garner's complaint also alleged that he did not receive due process in the disciplinary hearing relating to these reports.  The district court ruled that this claim was barred by the doctrine of res judicata.  Garner does not appeal that ruling.

Garner appeals, contending that the evidence was sufficient to establish that Ms. Johnson's disciplinary reports were false and that the disciplinary hearing officer made unauthorized contact with witnesses. When sufficiency of the evidence is at issue on appeal, the entire relevant trial transcript must be provided to this court. 10th Cir. R. 10.1(A)(1)(a). Fed. R. App. P. 10(b) states that it is the appellant's duty to "order . . . a transcript of such parts of the proceedings not already on file." However, "[i]n a pro se appeal . . . the district clerk must send the record to the circuit clerk . . . . The record must include <u>any transcript that has been filed</u> . . . ." 10th Cir. R. 11.2 (emphasis added). In this case, no transcript was filed below, and thus the district court clerk did not provide one as part of the record on appeal.

A plaintiff in a civil proceeding may obtain a transcript at government expense under 28 U.S.C. § 753(f) if: (1) he is permitted to proceed in forma pauperis; (2) moves for a transcript; and (3) demonstrates that the appeal "is not frivolous (but presents a substantial question)." Garner has met only the first requirement. Even were he to make the necessary motion, our review of the pleadings convinces us that Garner cannot demonstrate a substantial question for appeal. Garner's four-page opening brief gives no indication why any of the district court's factual findings might be in error; he simply makes conclusory statements that sufficient evidence supports his allegations.

-4-

Absent a trial transcript, we cannot review the evidence before the district court, but must accept its factual findings as correct and affirm. <u>Collins v. Romer</u>, 962 F.2d 1508, 1514 (10th Cir. 1992); <u>Trujillo v. Grand Junction Reg'l Ctr.</u>, 928 F.2d 973, 976 (10th Cir. 1991).

The judgment is **AFFIRMED**. The district court granted Garner's motion to proceed in forma pauperis on appeal. Garner is reminded the he remains obligated to continue making partial payments until the full amount of the filing fee has been paid. <u>See</u> 28 U.S.C. § 1915(b)(1). The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge