# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TERRACE15, LLC, a Washington limited liability company, | No. 82405-8-I (consolidated with no. 81448-6-I) |
| Respondent, | |
| v. | DIVISION ONE |
| SYS INC.; SUSANN W. KIM and JOHN DOE KIM, individually and the marital community thereof; and JOHN and JANE DOES 1-10, | UNPUBLISHED OPINION |
| Defendants, | |
| MR. YONG S. KIM and JANE DOE KIM, and the marital community thereof, | |
| Appellants. | |

APPELWICK, J. — The trial court granted summary judgment for Terrace15 on a breach of contract claim after Yong failed to respond to the motion. Yong moved to vacate the summary judgment based on excusable neglect. He also attempted to vacate the default issued against his sister who was an additional defendant in the suit. The court denied his requests. We affirm.

FACTS

Terrace15 LLC filed a complaint for breach of contract against Yong Kim and Susann Kim in December 2018. Terrace15 sought payment of $100,000

Citations and pin cites are based on the Westlaw online version of the cited material.

earnest money after a failed commercial purchase and sale agreement. Yong[1] filed an answer as well as affirmative defenses and cross-claims against Susann. Susann did not appear.

In February 2019, Terrace15 moved for an order of default against Susann. The trial court granted the motion and entered an order of default against Susann. Susann never appealed or moved to vacate the default against her.

Yong's attorney withdrew from representation in May 2019.

On August 13, 2019, Terrace15 moved for summary judgment with the hearing noted for September 13, 2019. Yong did not file a response to the motion. Instead, Yong's new attorney filed a motion to continue on September 11, 2019. The court granted the continuance "provided Defendant shall make greater effort to comply with the court schedule." The court also imposed $10,000 in terms against Yong payable to Terrace15.

In November 2019, Yong moved for an order of default against Susann because she failed to appear on his cross-claim. The trial court granted the motion and entered an order of default against Susann in December 2019. The court concluded, inter alia, that "as a result of Cross-Claim Defendant Susann Kim's fraud that she acted as if she had been a rightful agent or representative" for Yong's company, Susann was liable to Yong for all damages proximately caused by her fraudulent actions. Yong's second attorney withdrew soon after.

---

[1] Yong Kim and Susann Kim are siblings. For clarity we refer to the defendants by their first names. We mean no disrespect.

On March 6, 2020, Terrace15 again moved for summary judgment on the breach of contract with a hearing noted for April 10, 2020. Yong did not file a response. But, Susann attempted to file documents with the court on April 9, 2020. The filing included a declaration claiming that Yong was not involved in the purchase and sale agreement and was unfairly "pulled into this lawsuit without having any prior knowledge on the even [sic] existence of the disputed transaction."

Upon consideration of Terrace15's motion for summary judgment, the trial court noted that Yong had failed to submit a response and that Susann had attempted to submit untimely documents that did not comply with the requirements of court rules CR 5, CR 7, and CR 11. The court concluded that due to the orders of default against her, Susann did not have standing in the matter and declined to consider her untimely submissions. The trial court granted summary judgment against Yong and determined that Yong and Susann were jointly and severally liable for the earnest money, prejudgment interest, and attorney fees and costs. The court entered judgment for Terrace15 in the amount of $133,781.09.

Yong secured new counsel in early May 2020. Yong filed a motion for discretionary review with this court. In September 2020, Yong requested leave to file a motion to vacate the judgment in the superior court. A commissioner of this court issued a stay pending the trial court's consideration of Yong's motion to vacate the judgment.

Yong filed a CR 60(b) motion to vacate the summary judgment and judgment against him. The trial court conducted a hearing on the motion to vacate. Yong appeared represented by counsel and Susann appeared pro se. The trial court noted that Susann did not have any right to argue before the court because she had not submitted a written pleading and had been defaulted in the case. Yong claimed that the order of default was improperly entered against Susann because she had appeared informally and had been entitled to notice of the motion for default. He also argued for vacation of the summary judgment based on excusable neglect. According to Yong, Susann had agreed to "handle" the issues pertaining to the lawsuit. The trial court denied the motion to vacate the summary judgment and awarded Terrace15 additional attorney fees and costs. The court stated, "[T]his is just gamesmanship. That's all I see this as. It's a way to manipulate and delay, obfuscate the record, confuse the Court of Appeals. Enough."

Yong filed a notice of appeal which was consolidated with the motion for discretionary review.

## DISCUSSION

### I. Default Judgment

Yong argues the trial court lacked jurisdiction to enter a default judgment against Susann because more than one year had passed since the service of the summons and complaint. But, the validity of the judgment against Susann is not Yong's issue to appeal. "A litigant cannot assert the legal rights of another person." Forbes v. Pierce County, 5 Wn. App. 2d 423, 433, 427 P.3d 675 (2018). Only Susann may exercise the right to appellate review of the judgment against her.

4

Susann did not seek review of the decision. Therefore, we will not address the merits of this issue.

II. Summary Judgment

Yong claims the trial court erred by granting summary judgment for Terrace15 because there are existing factual issues.[2] Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). To defeat summary judgment, the opposing party must set forth specific facts showing a genuine issue of material fact. Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc., 114 Wn. App. 151, 157, 52 P.3d 30 (2002). We review orders on summary judgment de novo. Kim v. Lakeside Adult Family Home, 185 Wn.2d 532, 547, 374 P.3d 121 (2016).

Yong did not file a response to Terrace15's motion for summary judgment. As a result, Yong failed to set forth specific facts or issues of law to defeat summary judgment. Terrace15 was entitled to judgment as a matter of law.

Yong argues that Susann submitted declarations in response to the summary judgment and the trial court erred by refusing to consider the evidence. "A trial court's decision to admit or exclude evidence lies within its sound discretion." Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App.

---

[2] Additionally, Yong argues that vacation of the summary judgment order against Susann necessarily requires vacation as to him. Because we do not address the merits or vacate the judgment against Susann, we also decline to vacate the judgment against Yong on this ground.

736, 744, 87 P.3d 774 (2004).  We will not overturn the trial court's evidentiary rulings absent a manifest abuse of discretion.  Id.

According to Yong, the trial court failed to examine the Burnet[3] factors in determining whether to exclude the evidence.  Yong cites to Keck v. Collins, 184 Wn.2d 358, 368-69, 357 P.3d 1080 (2015), in support of the claim that the court should have applied the Burnet factors.  In Keck, a plaintiff seeking damages for medical malpractice submitted an untimely affidavit from a medical expert in an attempt to ward off summary judgment.  Keck, 184 Wn.2d at 366.  The trial court declined to consider the evidence and granted summary judgment for defendants.  Id. 366-67.  The Washington Supreme Court reversed, determining that a trial court should consider the Burnet factors when excluding untimely evidence submitted in response to a summary judgment motion.  Id. at 369.

This case differs significantly from Keck.  Susann was not an opposing party to the motion for summary judgment.  As noted by the trial court, Susann was a defaulted party with orders of default entered against her by both Terrace15 and Yong.  As a defaulted party who had failed to appear, Susann "may not respond to the pleading nor otherwise defend without leave of court."  CR 55(a)(2).  Susann neither requested nor received leave to file the untimely documents.  Susann was not entitled to participate in the summary judgment proceedings.  The trial court

---

[3] Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997).  Before excluding evidence that would affect a party's ability to present its case, a trial court must consider the three Burnet factors: whether a lesser sanction would suffice, whether the violation was willful or deliberate, and whether the violation substantially prejudice the opposing party.  Keck v, Collins, 184 Wn.2d 358, 368-69, 357 P.3d 1080 (2015).

6

did not abuse its discretion by excluding Susann's evidence without considering the Burnet factors.

The trial court properly granted summary judgment for Terrace15.

III.    Motion to Vacate

Yong contends the trial court improperly denied his CR 60(b)(1) motion to vacate the summary judgment. A decision on a CR 60(b) motion is in the court's discretion and will not be reversed without a showing of abuse of discretion. In re Vulnerable Adult Pet. for Winter, 12 Wn. App. 2d 815, 829, 460 P.3d 667, review denied, 196 Wn.2d 1025, 476 P.2d 565 (2020). A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. Id. This includes when "the trial court relies on unsupported facts, takes a view that no reasonable person would take, applies the wrong legal standard, or bases its ruling on an erroneous view of the law." Gildon v. Simon Prop. Grp., Inc., 158 Wn.2d 483, 494, 145 P.3d 1196 (2006).

Under CR 60(b)(1), "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment" for reasons including "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." Yong bases the motion to vacate on excusable neglect. He claims he did not understand the legal documents because English is not his native language, he thought the courts were shut down due to COVID-19, and he thought Susann was handling the matter.

The trial court concluded that Yong's actions were neglect rather than excusable neglect. The court noted, "He doesn't deny that he received the documents." The court further stated,

[H]e simply failed to respond to the motion for summary judgment, and there just isn't any evidence whatsoever for his excusable neglect for filing any response to the summary judgment.

He was aware of it, so was the sister or why would we be getting these 11th hour declarations. And you can't just pick and choose which deadlines you want to abide by or what is the point of having deadlines.

And, the court recognized that this was the second motion for summary judgment Yong had failed to answer: "He doesn't deny that he's been through this not once but twice. This happened back in September of 2019 and terms were awarded" and a continuance granted. This fact undercuts any claim that Yong did not understand the import of the motion or the potential consequences. The fact that the papers served on him set a hearing date was adequate notice that the courts were not shut down for COVID-19 as he claimed. Yong explains no basis for relying on Susann, who was an adverse party against whom he had taken a default, to act on his behalf. It is wholly understandable that the trial court expressed the strong opinion that the failure to respond to the summary judgment motion was not excusable.

The trial court did not abuse its discretion in denying the motion to vacate.

IV.  Attorney Fees on Appeal

Terrace15 concludes its briefing with the statement "[a]dditional fees and costs should be awarded to Respondent." Terrace15 does not devote a section of its briefing to the request as required by RAP 18.1(b). "The rule requires more

than a bald request for attorney fees on appeal." <u>Stiles v. Kearney</u>, 168 Wn. App. 250, 267, 277 P.3d 9 (2012). Argument and citation to authority that is the basis for the request is mandatory. <u>Id.</u> Because Terrace15 failed to satisfy these requirements, we decline to award fees on appeal.

We affirm.

_Appelwick, J._

WE CONCUR:

_Bremmer, J_  _Mann, C.J._